### 8408

### PALMER, ADMR., v. ABBEVILLE-GREENWOOD MUTUAL INSURANCE ASSOCIATION.

PLEADINGS—ADMISSIONS—DENIAL.—The rule is that where an answer contains a clear admission and a denial of the same facts, the admission will prevail, but if the apparent denial and the admission are not clearly opposed to each other but are ambiguous, the Court will endeavor to find such reasonable construction as will remove the ambiguity. Here an answer held to deny ownership or insurable interest in insured.

Before WILSON, J., Abbeville, October term, 1910. Reversed.

Action by W. A. Palmer, as administrator of Lee Robinson, against Abbeville-Greenwood Mutual Insurance Association. Defendant appeals.

*Mr. J. Fraser Lyon,* for appellant, cites: 2 Cool. Ins. Brief 1340, 1384; 20 Or. 550; 10 W. Va. 521; 19 Cyc. 920; 28 Me. 254; 7 Tex. Civ. App. 421; 26 N. Y. 422; 4 Ind. Ap. Ct. 237; 20 Barb. 339; 11 Ency. P. & P. 412; 40 S. C. 519.

*Mr. Wm. N. Graydon* and *J. M. Nickels,* contra.

January 10, 1913.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The question involved in this appeal from a judgment on a fire insurance policy issued to the plaintiff by the defendant is whether there was a denial in the answer of plaintiff's ownership or insurable interest. The Circuit Judge held that the answer admitted the ownership of the plaintiff, and, therefore, excluded testimony offered by defendant for the purpose of showing that the plaintiff was not the owner of the property.   The second

paragraph of the complaint alleged: "That sometime previous to the first day of February, 1907, Lee Robinson made application to said defendant for a policy of insurance on his dwelling and household goods, and thereafter, on or about the first day of February, 1907, in consideration of the receipt of said application, and the representations, covenants and warranties therein set forth, of the stipulations in said policy, and in consideration of the payment of the sum of one and 50-100 dollars by the said Lee Robinson to the said defendant, the defendant, Abbeville-Greenwood Mutual Insurance Association, by its duly authorized agents, made its policy of insurance," etc.   This allegation was admitted in the answer.   The third paragraph alleged: "That at the time of making said insurance and from then until the fire hereinafter mentioned the said Lee Robinson had an interest in said insured property as the owner in fee thereof to an amount exceeding the amount of insurance." This allegation is denied by the answer in the following words: "That defendant has not knowledge or information sufficient to form a belief as to the allegations contained in paragraphs three, four, and five of the complaint."

It is true that where a defense contains a clear admission and a denial respecting the same facts, the admission will prevail.   But if the apparent denial and the admission are not clearly opposed to each other, but are ambiguous, the Court will endeavor to find a reasonable construction which will remove the ambiguity and harmonize the apparent inconsistency.   Such a construction is clearly required in this instance.   In the second paragraph of the complaint the leading allegation was the issuance of a policy of insurance to the plaintiff on his dwelling house—the house in which he was living.   Ownership of the plaintiff was not directly alleged nor necessarily implied.   That this was the apprehension of the pleader seems to be inferable from the fact that in the third paragraph he specifically alleges that the

plaintiff had an insurable interest as the owner in fee exceeding the amount of the insurance. When, therefore, the defendant admitted the second paragraph of the complaint, it is reasonable to suppose that he intended to admit the issuance of the policy to the plaintiff on his dwelling house—the house in which he was living,—but that he did not intend to admit ownership of the plaintiff, since the plaintiff had chosen to deal with the matter of ownership in another paragraph. Under this state of the pleadings, it seems clear that when the defendant denied the third paragraph of the complaint, he made the issue of ownership, and that the Court erred in excluding the evidence offered on the issue so made.

Reversed.