13389

STEINBERG v. SOUTH CAROLINA POWER CO.

(163 S. E., 881)

*Mr. G. L. B. Rivers,* for appellant,

*Mr. A. T. Smythe,* for respondent,

April 19, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Civil and Criminal Court of Charleston, S. C., July, 1929, is a case growing out of a collision between a street car of the defendant and the plaintiff's automobile, as the automobile backed out from the curb where it was parked on the south side of Broad Street in the said city, at an angle to the curb. The usual allegations of negligence and recklessness charged in such cases were alleged by the plaintiff, as the cause of the collision and the damages resulting therefrom. Included in the several defenses set up by the defendant is the allegation that the collision was caused by the failure of the driver of the automobile to observe and obey the traffic ordinances of the said city when backing the automobile from the place in question. In due course the case was tried in said Civil and Criminal Court of Charleston before Hon. Paul M. McMillan, Judge of said Court, and a jury, resulting in a verdict for the defendant. Thereafter the plaintiff made a motion for a new trial upon the ground that the Court erred in charging the jury the provisions of a traffic ordinance of the City of Charleston regarding the backing of an automobile from the curb of a street. This is the only question involved in the appeal.

The ordinance in question was sufficiently alleged by the defendant, but was not proven or offered in evidence. In refusing the motion for a new trial, the Judge of said Court issued the following order:

"This matter comes before the Court on a motion for a new trial made by the plaintiffs on the ground that the Court erred in charging the jury the provisions of a traffic ordinance of the City of Charleston, the said ordinance not having been proven as required by law.

"The answer of the defendant had set up the City Ordinance as to backing an automobile. After all the testimony in the case was in, counsel proceeded to address the jury. When

the Court began to charge, counsel for defendant gave the Court the references to the special traffic ordinances, and requested that they be charged, which was done.

"The Civil and Criminal Court of Charleston is the trial Court in the City of Charleston for all Magistrate's cases. By Section 30 of the Code of Criminal Procedure, Magistrates within the limits of the City of Charleston "are vested with jurisdiction to try, determine and impose the penalties authorized by ordinance of the City Council of Charleston." This necessarily gives this Court power to take judicial notice of the ordinances, especially those which impose penalties, such as traffic ordinances.

"For this reason Motion for a New Trial is refused. October 15, 1930.

"PAUL M. McMILLAN,
"Judge of C. & C. C. of C."

From the order refusing the motion for a new trial the plaintiff appealed to the Court of Common Pleas for Charleston County and the matter was heard on the record of the case by his Honor, Judge William H. Grimball, who reversed the ruling of the Judge of the Civil and Criminal Court of Charleston and granted a new trial in the cause. The reasons assigned by Judge Grimball for the conclusion reached were stated by his Honor in the following order:

"This matter comes before me on an appeal by plaintiff from judgment for defendant in the Civil and Criminal Court of Charleston.

"The appeal presents a very interesting legal question.

"It seems that the trial Judge below charged the jury the city traffic ordinance without that ordinance having been proved in evidence. Respondent insists that he had a right to do this as he enforces this ordinance on the criminal side of the Court and therefore may take judicial cognizance of its terms.

"This would undoubtedly be true were this a suit for one hundred dollars or less. But this suit involves more than one

hundred dollars. And in such case the Code provides that the practice and modes of procedure of force in the Court of Common Pleas shall apply to this Court. See Section 235, Code of Civil Procedure.

"And it is certain that in the Court of Common Pleas city ordinances must be proved before the Court takes notice of their existence or terms.

"I do not believe that the trial Judge should have charged on the ordinance, and I also believe that his doing so was prejudicial.

"The case is hereby remanded to the Court below for a new trial.

"Wm. H. Grimball,

"July 8, 1931.                    Judge 9th Circuit."

From this order the defendant has appealed to this Court. The city ordinance in question having not been proved, in our opinion, it was error for the Judge to charge the same. The general law on this subject is expressed in 15 R. C. L., page 1077, as follows: "The ordinances and by-laws of a municipal corporation are not public laws, and, therefore, as they do not fall within the circle of the judicial knowledge of Courts of general jurisdiction, they must be pleaded and proved if material to the case at bar and mere reference to an ordinance by dates and figures is not a sufficient pleading. The rule is, however, subject to exception in the municipal Courts."

In 23 C. J., page 138, the rule is expressed in the following language: "While the power of municipalities to pass ordinances or by-laws is judicially noticed by the Courts within the State, the general rule is that the ordinances or by-laws themselves are not judicially known to Courts having no special function to enforce them. In this respect they are treated as being in the nature of and on the same footing as private statutes."

The provisions of the statute establishing and governing the Civil and Criminal Court of Charleston are set forth in Chapter 6, §§ 232-244, 1922 Code

of Civil Procedure. From a reading of these sections in connection with Sections 1011 and 1012, Civil Code of 1902, and Section 71 of the Code of Civil Procedure, 1902, which refer to the old judicial magistrate's Court of Charleston, it will be seen that the Civil and Criminal Court of Charleston has a twofold jurisdiction. It has jurisdiction similar to that of the old judicial magistrate's Court in the said City and County of Charleston; and it also has jurisdiction in all cases similar to the case at bar when the amount sued for or the value of the property involved, exclusive of costs, does not exceed $500.00, and in the last-named cases its jurisdiction is concurrent with the Court of Common Pleas and is governed by the same rules of procedure that governs the Court of Common Pleas. See Sections 233 and 235, *Supra*. The amount involved in the case at bar being more than $100.00, the rules of procedure applicable in the Court of Common Pleas apply to this case. Therefore, it follows that the trial Judge was in error in charging the ordinance in question when it had not been proven. We are unable to agree with the contention of the defendant appellant that plaintiff-respondent waived the right of objection by not calling the matter to the attention of the trial Judge at the time his Honor charged the jury. While it is the duty of counsel to follow the Judge's charge and at the conclusion of the charge to call to the Judge's attention any mis-statement of issues, in order that the Court, jury, and opposing counsel may not be misled, and to request a fuller charge on any phase of the law, if in the opinion of counsel a fuller charge is necessary to enable the jury to render a correct verdict and do justice between the litigants, it is not incumbent upon counsel, in order to protect the rights of his client, to call the Judge's attention to what counsel considers an erroneous statement of the law applicable to the case. To make such requirement might place counsel in an embarrassing position. In our opinion the rights of the plaintiff-respondent were not waived by the failure to call the error

to the trial Judge's attention at the time. Further, this Court cannot hold, under the record before us, that the error was not prejudicial.

The exceptions are therefore overruled and it is the judgment of this Court that the order of the Circuit Judge granting a new trial be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM and MR. CIRCUIT JUDGE·S. W. G. SHIPP, ACTING ASSOCIATE JUSTICE, concur.