13840

## LOWIE v. DIXIE STORES, INC.

(174 S. E., 394)

Before OXNER, J., Greenville, June, 1932.

*Messrs. Hicks & Johnston*, for appellant.

*Messrs. J. Robt. Martin* and *J. Robt. Martin, Jr.*, for respondent,

May 3, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an appeal from judgment rendered in the Court of Common Pleas for Greenville County, in an action heard by Judge Oxner and a jury, in which the verdict was in favor of plaintiff, and the appeal is by the defendant.

The action was one for the recovery of damages which the plaintiff alleged he sustained while walking on the shoulder of a paved highway between Williamston and the City of Anderson. He alleges that his injuries were due to the negligence and recklessness of the agent of the defendant in driving defendant's car on the highway at a high and reckless speed which caused him to collide with plaintiff. The nature and extent of the injuries alleged to have been sustained are set out in the complaint, together with other specifications of negligence.

The defendant entered a general denial; it sets up the plea of contributory negligence.

The cardinal question in the case was whether the driver of the car, which, it is alleged, inflicted the injury, was the agent of the defendant.

Motions for nonsuit and directed verdict were made on the ground that there was no evidence to support the allegation that the driver of the car. was the agent of defendant. These motions were denied, as was, also, a motion for a new trial.

The exceptions relate to alleged errors in the introduction and exclusion of testimony and to the charge.

The assignment of error in the first exception is that a witness was allowed to testify that Mr. McLain, the manager of the defendant, had put up bond for

the appearance at Court of the driver of the car. This testimony had some probative value upon the crucial question whether the driver of the car was the agent of the defendant.

The second exception charges error because a witness was allowed to testify that the car that struck plaintiff went about a hundred and fifty yards and stopped; that he went immediately to it; that in response to the question where he was from, the driver told him he worked in town at the Dixie Stores and had been out delivering groceries.

We think the presiding Judge properly exercised his discretion in admitting the testimony as *res gestæ*.

The third exception alleges error for not granting the motion for nonsuit on the ground that there was no testimony introduced to show that Cannon, the driver of the car, was the agent of the Dixie Stores; and granting that he was such agent, that he was at the time engaged in the scope of his agency. Exception 5 alleges on the same grounds that it was error not to grant defendant's motion for directed verdict.

It is sufficient to say as to both exceptions that there was testimony which justified the action of the Court in refusing both of the motions.

The fourth exception is for alleged error in excluding the answer to the following question put to the driver of the car: "Do you know anything about whether or not Mr. McLain was authorized by Dixie Stores to make deliveries; do you know that of your own knowledge?" On objection the question was excluded. It does not appear from the record whether the driver of the car knew anything of the authority of Mr. McLain in the management of the store. We see no reason why the witness should not have been allowed to answer the question. But the exclusion of the answer worked no harm to the defendant. The superintendent of the chain of Dixie Stores, and McLain, manager of this particular store, testified fully on the

subject of Mr. McLain's authority to make deliveries of groceries.

Exception 6 alleges several errors in the charge. The first of these is that his Honor, at the request of plaintiff's counsel, charged:

"(A) A traveler has the right to use any part of the road if it is unoccupied."

"A pedestrian using the highways of the State has a right to presume that those operating motor vehicles thereon will observe the laws of the State, and to act upon that presumption."

"If a motor vehicle is proceeding on the pavement of a highway, a pedestrian on the shoulder of such highway would have a right to presume that such motor vehicle will proceed in its regular courses and in its regular place of travel."

"(B) One sent out by the general manager of a store without directions as to roads to be used in delivering goods has a right to select whatever way he sees fit in the discharge of his duties."

The allegation of error as to subdivision (A) is that the charge deprived defendant of the benefit of its plea of contributory negligence.

The requests stated correct propositions of law, and defendant's rights under its plea of contributory negligence were fully protected when the Court in granting the requests said: "I charge you these two requests, Mr. Foreman and Gentlemen; and in that connection I will charge you this, that the law places upon those using a motor vehicle, and also upon the pedestrian reciprocal duties, each must use due care, either in the operation of the motor vehicle or walking upon the highway. A man walking along the highway must also use due care for his own safety and to avoid others injuring him."

The alleged error under Subdivision (B) is that the language of the charge was a charge upon the facts, and would

lead the jury to believe that if Cannon were sent out by McLain, the manager of the store, he would be bound by the acts of Cannon whether or not the latter was acting within the scope of his authority.

It is difficult to see what application this request had to the case. There is no testimony that the manager of the store instructed the driver of the car to take any special route, or that there was more than one route by which the driver of the car could go to his destination. The charge could have had no relation to any facts testified to in this case. There were none relating to this question of routes.

The apprehension that the jury might imply from the charge that Cannon was in the employ of Dixie Stores is shown to be groundless by the fact that there was absolutely no testimony that McLain had instructed Cannon by which road he should travel. If defendant's counsel thought this charge susceptible of the interpretation which he has placed upon it, he should have called the matter to the attention of the Court.

The exceptions are overruled, and the judgment is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.