13999

TINSLEY v. PARRIS

(178 S. E., 496)

Messrs. *Arnold R. Merchant* and *Nicholls, Wyche & Russell*, for appellants,

*Messrs. Hannon & Lancaster* for respondent.

February 12, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This action for damages grew out of a collision on the highway between an automobile, in which respondent was riding, and a truck driven by the appellant. The case was heard in the County Court for Spartanburg County and there was a verdict for plaintiff, and defendant appeals.

One allegation of negligence set out in the complaint was that the collision was due to the fact that defendant was driving his truck on the left-hand side of the road.

In their argument appellant's counsel state that they will confine themselves to their first exception, which is in these words: "The Court erred in charging the Jury as follows: 'Our Courts have said, Mr. Foreman and Gentlemen of the Jury, that if a person is traveling to the left of the center of the road in the direction in which he is traveling, to your left or her left side of the center of the road, and has a collision with another person or car or thing coming in the opposite direction, which is on its side of the road where it has a right to travel, that such one traveling on the left of the center of the road is presumed to be negligent and that such negligence is presumed to be the proximate cause of an injury, *if one has suffered, if an injury has been suffered,* but under the law such is not a conclusive presumption, and when all the facts and circumstances are out, it is still a question for the Jury to say whether one is negligent and also what is the proximate cause of an injury, if one has been suffered.' " (Italics added.)

The alleged error being that the violation of a traffic statute, which regulates the side of a highway motor vehicles may travel, raises no presumption that such violation was the proximate cause of an ensuing injury.

The attorneys for both of the parties to the litigation plant themselves on the case of *Lawrence v. Southern Ry.*, 169 S. C., 1, 167 S. E., 839, 843. We concur in the view that that case is determinative of this appeal. This very question was discussed elaborately in that case, and the following was the final conclusion:

"Though we have given extended consideration to this exception, we think the particular point presented is foreclosed to appellant by the decision of this Court in *Jones v. Carpenter*, 160 S. C., 401, 158 S. E., 823, rendered since the oral argument of this appeal. In that case (an automobile collision case) the trial Judge charged, at the request of plaintiff:

" 'The jury is instructed that the violation of a criminal statute which is designed to promote the safety of travel upon the public highways of this state, constitutes negligence per se; *and if an injury to person or property results from such violation,* there is a presumption of law that such violation is the proximate cause of the injury; whatever questions are involved in the statement of the principle being left to the jury.'

" 'I further instruct you when all the evidence is in that the evidence may show that the presumption is not well founded and after all it becomes a question of what the evidence shows you.' (Italics ours.)

"No extended discussion was given to an exception taken by the defendant to this charge. The author of that opinion, Mr. Justice Carter, merely dismissed it with the statement that 'appellants were in no way prejudiced by the use of the language complained of' the implication being that, though erroneous, it was not prejudicial in the light of the entire charge. However, Mr. Justice Cothran concurred

solely on the ground that 'the italicized phrase in the charge saves it from error.'

"That is also our present view. If the premise be, as this request stated, that the *injury resulted from such violation,* the presumption logically follows that such violation proximately caused the injury."

The charge challenged in the present case in couched in language essentially similar to that quoted above, and which is applicable and pertinent to the facts shown by the evidence in this case.

The exceptions are overruled, and the judgment affirmed.

MESSRS. JUSTICES STABLER and CARTER, MESSRS. CIRCUIT JUDGES E. C. DENNIS and C. J. RAMAGE, ACTING ASSOCIATE JUSTICES, concur.