16845

MYERS v. EVANS *ET AL.*
(81 S. E. (2d) 32)

*Messrs. Waring & Brockinton,* of Charleston, *for Appellant,*

*Messrs. Barnwell & Whaley,* and *Hagood, Rivers & Young,* of Charleston, *for Respondents,*

*Messrs. Waring & Brockinton,* of Charleston, *for Appellant, in reply,*

March 15, 1954.

OXNER, Justice.

Appellant, plaintiff below, brought this action to recover damages for personal injuries alleged to have been sustained as a result of the negligent, reckless and wanton operation of a Studebaker truck owned by respondent T. M. Evans and driven by his employee, respondent James Givens. Appellant alleged that on the morning of March 2, 1950, while walking in an easterly direction across the southbound lane of Highway No. 52, at a point about six miles north of Charleston, she was suddenly and without warning struck by the above truck which was proceeding in a northerly direction on said southbound lane. Respondents denied all acts of negligence, recklessness and wantonness alleged in

the complaint and further set up a plea of contributory negligence, recklessness and wilfulness in "that the plaintiff, without taking any precaution whatsoever for her own safety, while not keeping a proper lookout for automobiles which were plainly visible, walked from the west to the east side of the dual highway when traffic was approaching so close as to make it hazardous to cross the highway, and walked into the side of the defendant's truck, thereby making inevitable the collision brought about by plaintiff's own negligent, reckless, wilful and wanton conduct."

The trial resulted in a verdict for respondents, defendants below. Appellant made a motion for a new trial, which was denied, and this appeal followed. Although the exceptions relate solely to the charge, a brief review of the testimony is necessary for a proper understanding of the questions raised.

At the place where the accident occurred, Highway No. 52, a heavily traveled, paved highway, runs north and south and consists of two avenues, each of which is about 30 feet in width with three lanes for traffic. The one on the east is reserved for northbound traffic and that on the west for southbound traffic. Between these avenues is a grass area approximately 20 feet in width. The surrounding area is thickly populated, and there are a number of business establishments on each side of the highway. The speed limit in this vicinity is 35 miles per hour.

Appellant testified that shortly after nine o'clock on the morning of March 2, 1950, she undertook to cross from the west to the east side of Highway No. 52 and that when she had traversed about two-thirds of the width of the southbound avenue and was approaching the central grass area, she was struck without any warning on her right hip and knocked to the pavement. She said that as she was proceeding across this roadway, she was looking to the left for southbound traffic and did not see the vehicle which struck her. Several of her witnesses, however, testified that she was struck by the left front of the respondent truck which was

traveling northwardly on the southbound lane, and that after the accident, the truck ran up on the grass area and stopped.

The only eyewitness for respondents was the driver of the truck. He denied striking appellant. He said that he came out of a nearby driveway on the west side of the highway intending to turn to his right, but in order to keep cars from "running over" him, drove across the southbound lane and stopped on the grass area. He further testified that after doing so, he saw appellant crossing the southbound lane, and that she was struck by an automobile proceeding in a southerly direction which never stopped. He said when the accident occurred, his truck was standing still in the grass area at a point about fifteen or twenty feet away.

Section 46-392 of the 1952 Code provides that whenever, as here, a highway has been divided into two roadways that "every vehicle shall be driven only upon the right hand roadway". There is abundant evidence to the effect that the respondent truck was being driven in the wrong direction. In fact, the driver admitted at one point in his testimony that for a short distance he was traveling north in the avenue reserved for southbound traffic. This constituted negligence "in the absence of explanatory or excusatory circumstances." Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Edition, Volume 2, Section 1072.

With the foregoing factual background before us, we now turn to the exceptions to the charge. It is contended that the Court erred in charging: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway." The quoted language constitutes a portion of Section 46-435 of the 1952 Code. The jury was further instructed that any violation of this and certain other sections of the Code regulating traffic on the highways is negligence *per se* and "there is a presumption of law that such violation is a proximate cause of the injury", which presumption "is rebuttable, and

the jury should consider all of the evidence in the case in determining the question of proximate cause." At a later point in the charge, the foregoing portion of Section 46-435 of the Code was again read to the jury in charging request No. 4 of the respondents, but in doing so the Court there inserted the word "lawfully" after the word "vehicles", so as to read that such pedestrian "shall yield the right of way to all vehicles *lawfully* upon the roadway."

It is our view that Section 46-435 of the Code had no application under the facts of this case and that the portion thereof charged was calculated to mislead the jury and was highly prejudicial. The right of way mentioned extended only to vehicles going south on the roadway appellant was crossing when injured. Anyone traveling in the wrong direction on this roadway forfeited his statutory preferential status. *Greenbaum v. Costa,* 137 Md. 524, 113 A. 79; *Widronak v. Lord,* 269 Mass. 238, 168 N. E. 799; *Thursby v. O'Rourke,* 180 Md. 223, 23 A. (2d) 656; Blashfield, Cyclopedia of Automobile Law and Practice, Volume 2, Sections 1009, 1072, and Volume 2A, Section 1291.

It cannot be said that appellant was negligent as a matter of law in crossing the highway at a place where there was no crosswalk. *Thursby v. O'Rourke, supra.* Although it was incumbent upon her to yield the right of way to vehicles traveling in the proper direction, she was not required to anticipate the approach of a vehicle traveling in a northerly direction. And in the absence of any circumstances ·which would reasonably give notice to the contrary, she would not be negligent in assuming that there would be no vehicle coming from her right. *Mathias v. Eichelberger,* 182 Wash. 185, 45 P. (2d) 619; *LeBlanc v. Browne,* 78 Cal. (2d) 63, 177 P. (2d) 347. This is in line with the general rule that everyone has a right to presume that every other person will obey the law, and in the absence of a reasonable ground to think otherwise, it is not negligence to assume that one is not exposed to danger arising only from

violation of law or duty by another. *Flowers v. South Carolina State Highway Dept.*, 206 S. C. 454, 34 S. E. (2d) 769; *Lowie v. Dixie Stores, Inc.*, 172 S. E. 468, 174 S. E. 394.

It is argued that any error in the foregoing charge was cured by adding the word "lawfully" after "vehicles" when this statute was later read to the jury, and as so modified the charge could not have been prejudicial because it was the duty of appellant in any event to yield the right of way to vehicles traveling south on this roadway. But the negligence, if any, of appellant in this respect was wholly irrelevant to the issues being tried between these parties. Any negligence on the part of appellant in relation to other vehicles would not inure to the benefit of respondents on their plea of contributory negligence. Moreover, the jury was not told that this statute applied only to vehicles going south along this roadway and may have received the impression that it was applicable to appellant in her relation to the respondent truck.

Finally, it is contended that if counsel for appellant thought the charge irrelevant, such fact should have been called to the attention of the Court. We do not think appellant's counsel was required to do so under the circumstances. The question of the applicability of this statute did not arise for the first time during the charge. It was necessarily discussed on respondents' motion for a nonsuit, one ground of which was that appellant was guilty of contributory negligence as a matter of law "in that she was crossing the highway at a place, in violation of law, where the vehicles had the right of way." In overruling this motion the trial Judge did not eliminate this statute but ruled that it was "a matter for the jury". It is obvious that throughout the trial the Court deemed this statute relevant and indeed so stated in overruling the motion for a new trial. Appellant's counsel certainly had no right to assume that the charging of this statute was a mere inadvertence on the part of the trial Judge. It is not a case of misstatement of issues

but an erroneous instruction. This conclusion is fully sustained by the case of *Steinberg v. South Carolina Power Co.,* 165 S. C. 367, 163 S. E. 881.

> While not made a ground of appeal, we think it is proper to call attention to the fact that in this case, as well as several others which have come before this Court, the jury has been charged that the violation of a statute regulating the operation of motor vehicles on the highways is not only negligence *per se but creates a rebuttable presumption that such violation is a proximate cause of the injury.* The emphasized portion of such a charge is erroneous. There is no such presumption in a case of this kind. *Lawrence v. Southern Ry.,* 169 S. C. 1,. 167 S. E. 839. As far as we have gone is to sustain an instruction to the effect that where a person violates a statute and *as a result of such violation an injury is done to a person or his property,* there is a presumption that such violation is the proximate cause of the injury or damage. *Jones v. Carpenter,* 160 S. C. 401, 158 S. E. 823; *Dodenhoff v. Nilson Motor Express Lines,* 190 S. C. 60, 2 S. E. (2d) 56. Also, see *Tinsley v. Parris,* 174 S. C. 412, 178 S. E. 496. While we have held that a charge of this nature with the italicized words added does not constitute prejudicial error,. it is confusing, since if an injury *results* from the violation of a statute, there is no room for a presumption. It is, therefore, better to omit any instruction concerning presumptions in the case of the violation of a highway statute.

The next exception to the charge grows out of the pleadings. The answer of respondents expressly admitted Paragraph 6 of the complaint, which is as follows:

"That as this plaintiff is, informed and believes, on or about March 2, 1950 at approximately 9:15 A. M. the defendant, James Givens, while acting in the course of his employment and as an agent and servant of the defendant, T. M. Evans, was driving and operating the defendant, One (1) 1949 Studebaker Pickup Truck, in a northerly direction

on the southbound lane of Highway 52 in the neighborhood of Six Mile in Charleston County, South Carolina."

It was further alleged in Paragraph 8 of the complaint that appellant's injuries were caused by the negligence, recklessness and wantonness of respondents in certain particulars, one of which was in operating said truck in the wrong direction on the southbound lane of the dual highway. This paragraph was denied.

An exception is made that the Court erred in not ■ calling the jury's attention, when requested by appellant's counsel, to the fact that the allegations of Paragraph 6 were admitted. Since there must be a new trial, we need not determine whether the issues made by the pleadings were sufficiently covered in the general charge, or whether at the conclusion of the charge the Court erred in refusing appellant's request that the jury be specifically instructed that the facts contained in Paragraph 6 of the complaint were admitted. But since the question of what facts are admitted might arise on another trial, we desire to state that we construe the pleadings as they now stand as admitting that at the time and place set forth in Paragraph 6, the truck was being driven in a northerly direction on the southbound lane of Highway No. 52. The denial of Paragraph 8, which was in effect a denial that the respondents were guilty of the alleged acts of negligence therein set forth or that same brought about appellant's injuries, was not sufficient to overcome the clear admission previously made of the facts contained in Paragraph 6. In *Palmer v. Abbeville-Greenwood Mut. Ins. Ass'n*, 93 S. C. 363, 76 S. E. 984, 985, Mr. Justice Woods stated "that where a defense contains a clear admission and a denial respecting the same facts the admission will prevail." To the same effect see 71 C. J. S., Pleading, § 61(b). Of course, this admission should not be extended so as to admit that the truck was in motion when appellant was injured or that it was being driven in a northerly direction on the southbound lane as she was traversing the highway. If we have misconstrued the intentions of the

pleader in preparing this answer, there will be ample opportunity to clarify the matter by amendment.

The remaining exception is to the effect that the Court erred in refusing to eliminate the question of contributory negligence. There is nothing in the record to show that a peremptory instruction of this kind was requested but on oral argument it was conceded that such a request was made. We think there was some evidence to warrant submission to the jury of the question of contributory negligence and recklessness. It must be conceded that the facts stated in this defense are entirely inconsistent with respondents' testimony on the trial of the case that the driver of the truck did not strike the appellant. However, inconsistent defenses are permitted. Respondent Evans testified that the facts contained in the answer relating to contributory negligence were given to him by appellant shortly after the accident when she stated to him that she walked into the truck. This is the only evidence in the case of contributory negligence, but we think it was sufficient to justify the trial Judge in refusing to eliminate this issue.

Judgment reversed and new trial granted.

BAKER, C. J., STUKES and TAYLOR, JJ., and JOSEPH R. Moss, A. A. J., concur.