**Letha C. BURLESON, Appellant,**

v.

**I. S. CANADA and Mrs. C. C. Canada, Individually and as Partners, d/b/a Canada Lumber Company, Appellees.**

No. 8417.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 24, 1961.

Decided Dec. 9, 1961.

William E. Chandler, Jr., Columbia, S. C. (Edens, Hammer & Glenn and Kermit S. King, Columbia, S. C., on brief), for appellant.

Harrell M. Graham, Columbia, S. C. (Turner, Padgett, Graham & McDonald, Heyward E. McDonald, Columbia, S. C., and R. E. Harrell, Kingstree, S. C., on brief), for appellees.

Before SOBELOFF, Chief Judge and SOPER and BRYAN, Circuit Judges.

SOPER, Circuit Judge.

Letha C. Burleson, plaintiff in the District Court, was seriously injured on July 28, 1956 when an automobile in which she was riding at 4:30 A.M., near Kingstree, S. C., ran into the rear of a tractor-trailer, loaded with lumber, which had broken down and was stalled on the highway. She sued James D. Mc-Crae, the owner and driver of the tractor-trailer, for negligence in leaving his vehicle in the highway in the path of vehicular traffic and she joined I. S. Canada and C. C. Canada as parties defendant on the ground that they had overloaded the truck with lumber to such an extent that it became disabled on the road.

The Canadas moved for summary judgment on the ground that the pleadings and affidavits in the case showed that the negligence on their part in overloading the truck, if any negligence was involved, was not the proximate cause of the accident and this motion was granted. An appeal was taken to this court by the plaintiff but it was dismissed as premature since the judgment of the District Court terminated the action as to less than all of the defendants and the case was remanded for further proceedings. Burleson v. Canada, 4 Cir., 285 F.2d 264. Thereupon, the case against McCrae was tried and resulted in a verdict of $30,000 for the plaintiff upon which judgment was entered. No appeal

was taken from this judgment but the present appeal was taken from the summary judgment in favor of the Canadas which was rendered upon the state of facts hereinafter set out.

The Canadas operated a lumber business in the trade name of the Canada Lumber Company. McCrae hauled lumber for them from time to time. He owned a 1953 model GMC truck and had it altered into a short truck so as to use it as a tractor for a 32 foot flat bed trailer which he had bought from the Canadas and was paying for by hauling their lumber.

During the afternoon of the day before the accident occurred the Canadas arranged with McCrae to haul a load of lumber for them to Charleston, S. C., and in accordance with the practice of the parties, McCrae brought his tractor-trailer to the Canadas' lumber yard where it was loaded in his absence by Canada employees. That evening the gate to the yard was left unlocked so that very early the next morning McCrae was able to get the loaded vehicle and start on his journey. When he had driven to a point five miles distant the vehicle broke down because a valve snapped off the motor and knocked a hole in the piston. According to expert testimony this occurred because the truck was overloaded. McCrae left the truck beside a ditch as far off the highway as it was possible to get it, with two wheels on and two wheels off the pavement. He put a white shirt on the back of the truck to attract attention, left the lights burning and placed two reflectors in the road, one a hundred feet ahead and the other a hundred feet behind the vehicle. He failed, however, to comply with Sections 46–624, 46–626, 46–627 of the South Carolina Code of 1952, which require that the driver of a vehicle disabled upon the traveled portion of a highway at a time when lights are required on vehicles shall place a lighted fusee at the traffic side of the motor vehicle and three lighted flares or electric lanterns, one placed 100 feet in advance and one placed 100 feet to the rear of the vehicle and one at the traffic side of the vehicle. Nor did he comply with the signals to be used if the vehicle is disabled in the day time which require the driver to display two red flags upon the roadway in the lane of traffic, one at the distance of 100 feet in advance of the vehicle and one at the distance of 100 feet to the rear of the vehicle or in the alternative three portable reflector units approved by the Motor Vehicle Department. The question whether McCrae's failure to comply with the statutes and whether his leaving his vehicle unattended on the highway constituted negligence which caused the injury to the plaintiff was submitted to the jury and, as we have seen, was decided against him.

The question now before us is whether the negligent overloading of the truck, attributed to the Canadas, was also a proximate cause of the accident. We are in accord with the opinion of the District Judge that the Canadas should not be held liable in this suit, even if they negligently overloaded the truck-trailer, since the accident was not caused by their negligence in this respect but by the disconnected and independent negligence of McCrae in leaving the truck in the highway without sufficient warning. The law of South Carolina is clear on this point. In Locklear v. Southeastern Stages, Inc., 193 S.C. 309, 8 S.E.2d 321, several persons standing on the roadside in the act of boarding a passenger bus, which had stopped to receive them, were struck by an automobile which passed the bus on its right side. The bus had come to a stop on the highway opposite to a ditch with its two right wheels on the shoulder of the road, which was seventeen feet wide, and its two left wheels on the paved portion of the highway. It was charged that the driver of the bus was guilty of negligence which contributed to the accident because he stopped the vehicle partly on the highway in violation of Section 26 of the South Carolina Act of April 16, 1937, 40 St. at Large, pp. 222, 231, which provided that no person shall stop a vehicle on a high-

way in a rural area when it is practicable to stop the vehicle off the highway. Some doubt existed as to whether the statute was in fact violated in this instance but the Supreme Court held that even if this were so, the bus company was not liable since its action was the remote cause, whereas the negligence of the driver of the automobile in endeavoring to pass the bus while passengers were endeavoring to enter, was the sole and proximate cause of the accident. The court said, 8 S.E.2d 325:

"The test, therefore, by which the negligent conduct of the original wrongdoer is to be insulated as a matter of law by the independent negligent act of another, is whether the intervening act and the injury resulting therefrom are of such character that the author of the primary negligence should have reasonably foreseen and anticipated them in the light of attendant circumstances. The law requires only reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care, there is no liability. One is not charged with foreseeing that which is unpredictable or that which could not be expected to happen. * * *

"Measured by this standard, we think it clear that the negligence of Clarence Youmans, the driver of the Chevrolet car, was the sole, proximate cause of the accident complained of by the plaintiffs. The fact the bus was stopped on a portion of the paved highway was merely a circumstance of the accident, and not its proximate cause. The causal connection between the original negligence, if any, and the ultimate injury was broken. No reasonable inference may be drawn that the accident, with its serious aftermath, was the natural and probable consequence of the Bus Company's negligence or wrongful act. Or that it ought to have been foreseen, in the light of the attendant circumstances."

In this case, it will be observed, the bus company was exonerated because of the intervening negligence of the driver of the automobile, although it was assumed that the bus company itself had stopped its vehicle on the highway in violation of the statute. In the case at bar the Canadas had no part in the violation of the statute which led to the accident, and hence the application of the rule of intervening negligence is clearly appropriate.

The same principle was cited with approval in Ayers v. Atlantic Greyhound Corp., 208 S.C. 267, 37 S.E.2d 737, where in the night time an automobile crashed into the rear of a disabled bus which was standing on the highway without sufficient warning to passing traffic, in violation of the statute. It was held under the circumstances of that case that it was a question for the jury to decide whether the negligence of the driver of the bus contributed to the injuries. See also Jeffers v. Hardeman, 231 S.C. 478, 99 S.E.2d 402.

The rule was also applied under somewhat different circumstances in Woody v. South Carolina Power Company, 202 S.C. 73, 24 S.E.2d 121, where a motorist was injured by coming in contact with an electric power line which had been dislodged when a supporting pole was struck by a passing truck. It was charged that the Power Company was liable because the wire had not been strung in compliance with the relevant statute, but the court, applying the rule in the Locklear case, held that the Power Company could not reasonably have anticipated that the truck woud have struck the pole and knocked the wire loose, and hence the injury to the plaintiff was not caused by the negligence of the Power Company but by the intervening negligence of the driver of the truck.

This principle, as applied in these cases by the Supreme Court of South Carolina, governs the case at bar. Even if the McCrae vehicle was negligently overloaded it must be held that the Canadas could not reasonably have foreseen

that McCrae would abandon it without sufficient warning to passengers on the highway. Indeed, under the law of South Carolina, they were entitled to presume that McCrae would comply with the requirements of the statute. See Myers v. Evans, 225 S.C. 80, 81 S.E.2d 32.

The judgment of the District Court is affirmed.

Affirmed.