## 19563

Eddie ROBINSON, Respondent, v. Edgar E. BROWN, Appellant

(194 S. E. (2d) 249)

*Messrs. Grimball and Cabaniss,* of Charleston,

*Paul N. Uricchio, Jr., Esq.*, of *Brockington and Brockington*, Charleston, *for Respondent*,

*Messrs. Grimball and Cabaniss*, of Charleston, *in Reply*,

February 1, 1973.

LEWIS, Justice:

This is an appeal by defendant from an order of the lower court granting a new trial because of alleged error in the charge to the jury.

Plaintiff instituted this action to recover damages sustained by him when he was struck by an automobile driven

by the defendant. The complaint and the answer contained allegations that the respective parties were guilty of the violation of certain ordinances of the City of Charleston. Upon the trial of the case, both plaintiff and defendant concluded their proof and announced that they had no further evidence to offer, without either having introduced the applicable city ordinances in evidence.

After the parties announced that they had no further evidence to offer, the court recessed for lunch. Upon the reconvening of court, counsel for the defendant moved, in effect, that the case be reopened and that he be allowed to introduce the applicable city ordinances, stating that he had made arrangements for the City Clerk to testify and identify those offered. Counsel for plaintiff objected to their introduction. The trial judge then ruled that, "without reopening" the case, he would include the applicable ordinances in his instructions to the jury, which he did, reading them from the 1964 Code of the City of Charleston as requested by defendant. Plaintiff subsequently renewed his objections to such instructions at the conclusion of the charge.

The jury returned a verdict for the defendant and plaintiff made timely motion for a new trial upon the ground that the court erred in charging the city ordinances when they had not been introduced in evidence. At the argument of the motion for a new trial, defendant submitted to the court an affidavit by the City Clerk, the official custodian of the ordinances of the city of Charleston, that the ordinances included in the charge to the jury were accurate copies of those then in effect.

Thereafter, the trial judge held that he had committed legal error and granted the motion for a new trial, stating that "the court is of the opinion that it erred in charging the city traffic ordinances without the ordinances having been proved in evidence. The court also feels that it was prejudicial to the plaintiff."

Defendant has appealed from the order granting a new trial. The sole issue to be decided is whether the trial judge, under the foregoing facts, committed prejudicial error in instructing the jury with reference to the ordinances of the City of Charleston.

Plaintiff relies upon the decision in *Steinberg v. South Carolina Power Co.*, 165 S. C. 367, 163 S. E. 881, to sustain the order granting a new trial. In that case, while the ordinance was alleged, it was not proved or offered in evidence. The court simply took judicial notice of the ordinance and instructed the jury thereabout. On appeal, the action of the trial judge in charging an ordinance which had not been proved was held to constitute prejudicial error.

The decision in *Steinberg* is not controlling. While, in this matter, the trial judge stated that he was not reopening the case, his ruling, at the time they were offered in evidence, that he "would charge these ordinances," was tantamount to allowing them in evidence. Therefore, the instructions here did not result, as in *Steinberg,* from judicial notice of the ordinances of the city, but from the offer of proof by defendant.

The record shows conclusively that the ordinances offered in evidence were in effect at the time and were relevant to the issues made by the pleadings. While the belated offer of proof by defendant and the rulings of the trial judge were somewhat irregular, there is a total absence of any showing that the reception of the ordinances in such manner operated in any way to the legal prejudice of plaintiff.

The judgment of the lower court granting a new trial is accordingly reversed.

MOSS, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.