23257

Jimmy C. BALES, Robert Coble and Richard A. Harpootlian, Individually and as Taxpayers of Richland County, Respondents v. C. Dennis AUGH-TRY, as Acting Richland County Administrator, and Michael R. Hart-ley, as Finance Director of Richland County, Patricia Antley, William H. Linder, Frank Barron, III, Barbara A. Scott and Catherine H. Kennedy, Defendants, of whom Patricia Antley, William H. Linder, Frank Barron, III, and Barbara A. Scott, Appellants. Appeal of Patricia ANTLEY, William H. Linder, Frank Barron, III and Barbara A. Scott.

(395 S.E. (2d) 177)

Supreme Court

*Kenneth L. Childs* and *David T. Duff*, both of *Childs & Duff*, Columbia, *for appellants.*

*J. Lewis Cromer*, of *Cromer & Mabry*, Columbia, *for respondents.*

Heard May 21, 1990.

Decided Aug. 27, 1990.

GREGORY, Chief Justice:

This appeal is from an order enjoining Richland County Council from paying appellants accrued annual and sick leave benefits. We reverse.

Appellants are elected officials of Richland County. On July 28, 1988, County Council voted to discontinue, as of that date, the practice of allowing elected officials sick and annual leave. The officials would be paid for their leave accumulated to that date upon their removal from office. On December 6, 1988, by majority vote, County Council voted to pay the elected officials for their accumulated leave before January 1989. The opposing Council members (respondents) then commenced this action as taxpayers to enjoin payment for the accumulated leave on the grounds it violated both S.C. Code Ann. § 4-9-30(7) (Supp. 1989) and S.C. Const. art. III, § 30. The trial judge granted the injunction.

Section 4-9-30(7), which is included in the body of legislation known as the Home Rule Act, enumerates the powers to be exercised by county governments. It provides the county's governing body has the power to:

> develop personnel system policies and procedures for county employees by which all county employees are regulated except those elected directly by the people, and to be responsible for the employment and discharge of county personnel in those county departments in which the employment authority is vested in the county government. This employment and discharge authority does not extend to any personnel employed in departments or agencies under the direction of an elected official. . . . The salary of those officials elected by the people may be increased but may not be reduced during the terms for which they are elected. . . .

The trial judge concluded the payment of leave benefits to elected officials was improper under this statute because elected officials are excluded from county personnel policies and procedures.

The plain language of the statute limits the county government's power to employ or discharge elected officials or those under their direction; it does not restrict the county govern-

ment's ability to determine compensation for elected officials except to prohibit reduction of an elected official's salary during his term of office. This statute is consistent with general statutory authority providing county government may determine compensation for county officers. *See* S.C. Code Ann. § 8-15-10 (1986). We hold the payment of leave benefits to elected officials as part of their compensation does not violate § 4-9-30(7).[1]

The trial judge further held the payment for accrued leave benefits violated S.C. Const. art. III, § 30, which provides in pertinent part:

> The General Assembly shall never grant extra compensation fee, or allowance to any public officer . . . after service rendered. . . .[2]

Leave benefits are part of compensation earned for services rendered and the right to receive that compensation vests once the services are rendered. *See Gilman v. County of Cheshire*, 126 N.H. 445, 493 A. (2d) 485 (1985); *Ebert v. Start County Board of Mental Retardation*, 63 Ohio St. (2d) 31, 406 N.E. (2d) 1098 (1980). Payment for accrued leave benefits does not constitute extra compensation after services rendered. We hold the trial judge erred in finding a violation of article III, § 30, of our state constitution. *Accord Vangilder v. City of Jackson*, 492 S.W. (2d) 15 (Mo. App. 1973); *City of Orange v. Chance*, 325 S.W. (2d) 838 (Tex. Civ. App. 1959).

The judgment of the circuit court is

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[1] We express no opinion regarding the propriety of allowing leave benefits to elected officials under the applicable county ordinances. These ordinances were not made part of the record in this case and are not subject to judicial notice. *See Robinson v. Brown*, 260 S.C. 104, 194 S.E. (2d) 249 (1973); *Kincaid v. Landing Development Corp.*, 289 S.C. 89, 344 S.E. (2d) 869 (Ct. App. 1986).

[2] The parties do not argue and we need not address whether this constitutional prohibition applies to county government in view of its express reference to the General Assembly.