**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELEASE AMOS-GOODWIN; ANN K.
HEALEY; LONNIE W. JENKINS;
KENNETH A. GREENE; SABRINA G.
SMITH; THERESA A. WILLIAMS; EMMY
BURNELL WILLIAMS; ANNA G.
CARTER,
Plaintiffs-Appellants,

v.

CHARLESTON COUNTY COUNCIL;

COUNTY OF CHARLESTON; IRVIN
CONDON, as judge of the probate
court for Charleston County,
Defendants-Appellees,

and

ERNEST FINNEY, in his representative
capacity as Chief Justice of the
South Carolina Supreme Court,
Defendant.

No. 97-2321

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-96-3725-2-23)

Submitted: June 9, 1998

Decided: August 27, 1998

Before NIEMEYER, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William L. Runyon, Jr., LAW OFFICES OF WILLIAM L. RUN-YON, JR., Charleston, South Carolina, for Appellants. G. Mark Phillips, Joseph C. Wilson, IV, Molly Hood Craig, HOOD LAW FIRM, Charleston, South Carolina; Bruce E. Miller, James E. Reeves, BARNWELL, WHALEY, PATTERSON & HELMS, Charleston, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal the district court order granting summary judgment in favor of Judge Irvin Condon and granting the County of Charleston and County Council's motion to dismiss. Finding no error, we affirm.

Appellants are all Democrats who were discharged from their former employment with the Probate Court for the County of Charleston. Each of the Appellants was hired by former probate judges as a "clerk of the probate court," and their commissions specifically state:

> Pursuant to and by virtue of the power in us vested and conferred by Section 14-23-90 of the Code of Laws of South Carolina, 1976, . . . we, [probate judge] and[associate probate judge], as Judge and Associate Judge of Probate of and for the County of Charleston, . . . do hereby appoint and commission [name] . . . as CLERK OF THE PROBATE COURT, Therapeutic Determination Division . . . .

2

After Judge Irvin Condon, a Republican, was elected, he terminated Appellants and placed several other clerks on probationary status. Appellants were informed that, as at-will employees of the probate judge and not of the County, they had no right to avail themselves of grievance procedures established for county employees.

Appellants brought the instant suit under 42 U.S.C.§ 1983 (1994), contending that Defendants Judge Condon and the County and County Council deprived them of their constitutional rights under the First and Fourteenth Amendments, because they were terminated for being politically opposed to Judge Condon. Appellants also contended that they were deprived of participation in the grievance procedures established by the County.

The district court granted Judge Condon's motion for summary judgment, holding that Appellants were at-will employees of the probate judge, and that the probate judge had the authority to terminate them at will. The court further held that Appellants failed to present any evidence that their political beliefs were a motivating factor in their discharge. The court also granted the County and County Council's motion to dismiss, holding that because Appellants were employees of the probate judge and not of the County, the County had no authority over Appellants, and Appellants had no right to utilize County grievance procedures.

Appellants' commissions specifically state that they are hired as "clerks" of the probate court, and also reference S.C. Code Ann. § 14-23-1090, which states that "[t]he judge of probate may appoint a clerk and may remove him at his pleasure." S.C. Code Ann. § 14-23-1090 (Law. Co-op. 1976 & Supp. 1997). Accordingly, Appellants are clerks of the probate court, and thus at-will employees of the probate judge. See S.C. Code Ann. §§ 14-23-1090, 62-1-307 and cmt. (Law. Co-op. 1976); see also S.C. Code Ann. § 4-9-30(7) (Law. Co-op. 1976 & Supp. 1997) (authority of county government to employ and discharge county personnel does not extend to "any personnel employed in departments or agencies under the direction of an elected official"); Heath v. Aiken County, 368 S.E.2d 904, 905-06 (S.C. 1988); Anders v. County Council for Richland County, 325 S.E.2d 538, 539 (S.C. 1985); Ludwick v. This Minute, 337 S.E.2d 213, 214 (S.C. 1985).

Because Appellants are probate court employees, the County had no authority over Appellants, and thus could not have wrongfully terminated Appellants. See S.C. Code Ann. § 4-9-30(7); Bales v. Aughtry, 395 S.E.2d 177, 178 (S.C. 1990). Further, because Appellants were employees of an elected official, the probate judge, and were not county employees, they were not entitled to a grievance hearing under § 4-9-30(7). See S.C. Code § 4-9-30(7); 1988 S.C. Op. Atty. Gen. No. 88-68, 1988 WL 383551 (S.C.A.G. Sept. 14, 1988).

Appellants contend that Judge Condon terminated them due to their political affiliation, Democrat. However, Appellants did not make their political beliefs known to Judge Condon, nor did he have any reason to know of their political beliefs. There is no evidence in the record showing that Appellants' terminations were politically motivated. See Mt. Healthy v. Doyle, 429 U.S. 274, 287 (1977); Elrod v. Burns, 427 U.S. 347, 359-60 (1976); Jones v. Dodson, 727 F.2d 1329, 1335-36 (4th Cir. 1984); Laskaris v. Thornburgh , 733 F.2d 260, 265-66 (3rd Cir. 1984); Pignato v. Virginia Dep't of Envtl. Quality, 948 F. Supp. 532, 541-42 (E.D. Va. 1996). Appellants' claim on this ground must fail.

The district court properly granted summary judgment to Judge Condon, and properly granted the County and County Council's motion to dismiss. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately set out in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4