23498

David D. WHITLAW, Sr., as Personal Representative of the Estate of Christopher Whitlaw, Deceased, Plaintiff v. The KROGER CO., Defendant.

(410 S.E. (2d) 251)

Supreme Court

*Ronald A. Maxwell,* of *Johnson, Johnson, Maxwell, Whittle, Snelgrove & Weeks,* Aiken, *for plaintiff.*

*David A. Brown,* Aiken, *for defendant.*

Heard Jan. 7, 1991.

Decided Oct. 14, 1991.

*Per Curiam:*

Pursuant to Supreme Court Rule 46, we agreed to answer the question whether a private cause of action for damages may be instituted under S.C. Code Ann. §§ 61-9-40[1] and 61-9-410(1)[2] (1990) where a minor consumes alcohol purchased by another minor and suffers injuries as a result. We hold that these sections give rise to civil liability only where the violation is used to establish negligence *per se,* and where the violation is the proximate cause of the minor's injury.

---

[1] Section 61-9-40 states: "It is unlawful for any person to sell beer . . . to a person . . . under twenty-one years of age."

[2] Section 61-9-410(1) provides:

No holder of a permit authorizing the sale of beer or wine or any servant, agent, or employee of the permittee shall *knowingly* do any of the following acts upon the licensed premises covered by the holder's permit: (1) sell beer or wine to a person . . . under twenty-one years of age. . . . (emphasis added).

## FACTS

Plaintiff alleges that on November 21, 1987, the Defendant, the Kroger Co., sold beer to an underage youth who was accompanied by the Plaintiff's son. It was further alleged that the underage youth gave a portion of the beer, procured from Defendant's place of business, to Plaintiff's son. After becoming intoxicated, the Plaintiff's son lost control of the vehicle he was driving and struck a tree. The Plaintiff's son died as a result of the injuries he sustained in the accident.

As the personal representative of his son's estate, the Plaintiff brought this action in state court pursuant to the wrongful death statute of the South Carolina Code of Laws. The Plaintiff contended that S.C. Code Ann. §§ 61-9-40 and 61-9-410 gave rise to a private cause of action where an underage person consumed an alcoholic beverage purchased by another underage person, and suffered injuries as a result of becoming intoxicated. The case was removed by the Defendant to the United States District Court where the Plaintiff's question was certified to us for an interpretation of state law.

## LAW/ANALYSIS

In *Rayfield v. South Carolina Dept. of Corrections*, 297 S.C. 95, 374 S.E. (2d) 910 (Ct. App. 1988), the Court of Appeals set forth the test for determining when a duty created by statute will support an action for negligence.

> In order to show that the defendant owes him a duty of care arising from a statute, the plaintiff must show two things: (1) that the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) that he is a member of the class of persons the statute is intended to protect.
>
> If the plaintiff makes this showing, he has proven the first element of a claim for negligence: viz., that the defendant owes him a duty of care. If he then shows that the defendant violated the statute, he has proven the second element of a negligence cause of action: viz., that the defendant, by act or omission, failed to exercise due care. This constitutes proof of negligence *per se.*

*Id.* at 103, 104, 374 S.E. (2d) at 914.

The statute can establish a duty to plaintiff. *See Id.* A

breach of the duty can be found with a showing of violation of the statute. The finding of a statutory violation, however, does not end the inquiry. The causation of the injury must also be evaluated. The relationship between negligence *per se* and causation is discussed in *Scott v. Greenville Pharmacy, Inc.,* 212 S.C. 485, 48 S.E. (2d) 324 (1948), where violation of a statute, while negligence *per se,* did not support recovery of damages because the violation was not the proximate cause of the injury. *Id.*

A useful outline of the causation analysis necessary under South Carolina law is set out in *Bramlette v. Charter-Medical-Columbia:*

> Proximate cause requires proof of (1) causation in fact and (2) legal cause.
>
> Causation in fact is proved by establishing the injury would not have occurred "but for" the defendant's negligence. [citation omitted] Legal cause is proved by establishing foreseeability. [citation omitted] Although foreseeability of some injury from an act or omission is a prerequisite to establishing proximate cause, the plaintiff need not prove that the actor should have contemplated the particular event which occurred. The defendant may be held liable for anything which appears to have been a natural and probable consequence of his negligence. [citation omitted] A plaintiff therefore proves legal cause by establishing the injury in question occurred as a natural and probable consequence of the defendant's negligence.

302 S.C. 68, 74, 393 S.E. (2d) 914, 916 (1989).

In this case, plaintiff would be required to show that the statute created a duty to plaintiff,[3] and that defendant breached that duty by violating the statute. Only then would the plaintiff have established negligence *per se.* Plaintiff must then show the causal connection between defendant's negligence and plaintiff's injury before plaintiff is entitled to damages.

Violation of the statute, thus, is not conclusive of liability. The statutes in this case are designed to prevent harm to the minor who purchased the alcohol and to

---

[3] *See Rayfield v. South Carolina Dept. of Corrections,* 297 S.C. 95, 103-104, 374 S.E. (2d) 910, 914 (Ct. App. 1988).

members of the public harmed by the minor's consumption of that alcohol.[4] Without more, however, we decline to extend the class of persons the statute is intended to protect to all persons to whom the purchasing minor may give or sell the alcohol.[5] This is not to say that the seller owes no duty under the statutes when he sells alcohol to several minors. The record before us is insufficient to make such a determination. The record is equally unclear as to whether the defendant violated §§ 61-9-40 and 61-9-410. Finally, we are unable to determine the issue of causation from the record. We can only say that if any cause of action exists for this plaintiff under the statute, the cause of action will be subject to any valid defenses and limitations which may break the causal chain.

Accordingly, we hold that §§ 61-9-40 and 61-9-410 give rise to civil liability if the Plaintiff can establish negligence *per se.* After establishing negligence *per se,* the Plaintiff must then prove that the violation of the statute was causally linked, both in fact and proximately, to the injury.

---

[4] *Jamison v. The Pantry, Inc.,* 301 S.C. 443, 448 n. 6, 392 S.E. (2d) 474, 477 n. 6 (Ct. App. 1990). We note that the issue in *Jamison* was one of proximate cause. *Id.* at 444, 392 S.E. (2d) at 475. It was unnecessary for the Court of Appeals in that case to address the issue of negligence *per se* or duty. Therefore, *Jamison* should not be read as implying an automatic duty to the public at large whenever the statute is violated.

[5] To hold otherwise would allow an adult plaintiff to claim negligence *per se* when a minor purchased the alcohol and gave it to the adult who was then injured due to intoxication. Conversely, a minor plaintiff injured as a result of consuming alcohol purchased by an adult would not be able to claim negligence *per se* against the seller because the statute was not violated by seller. Thus, the minority of the party who ultimately consumed the alcohol should not be the factor which places them under the statute. In such situations, a cause of action may exist for plaintiff against the person who purchased the alcohol and gave it to the minor.