2139

James SEALS, a minor, by his Guardian Ad Litem, Cindy CAUSEY,
Appellant v. Cecil M. WINBURN and Cecil M. Winburn, Jr., Respondents.

(445 S.E. (2d) 94)

Court of Appeals

*Eric P. Nelson* of *Cox, Nelson & Associates;* and *Patricia Ferguson,* Myrtle Beach, *for appellant.*

*Lawrence B. Orr,* of *Bridges, Porter, Orr & McEachin;* and *Arthur E. Justice, Jr.,* of *Turner, Padget, Graham & Laney,* Florence, *for respondents.*

Heard Sept. 7, 1993.

Decided Feb. 22, 1994.

*Per Curiam:*

James Seals (James), a minor, brought this action through his guardian ad litem, Cindy Causey, against Cecil M. Winburn and Cecil M. Winburn, Jr., for personal injuries he suffered while working on a farm. At the close of James' case, the Winburns moved for a partial directed verdict as to violation of any state and federal labor laws. The trial judge granted this motion finding any violation of the labor laws was not the cause of the injuries sustained by James. He further granted the Winburns' motion for directed verdict on the issues of negligence, contributory negligence, assumption of risk, and partnership. Following a jury verdict for the Winburns on the remaining issues, James appeals. We reverse and remand.

## ISSUES

The issues before us on appeal are whether the trial judge erred (1) in directing verdicts on the issues of recklessness and violation of labor laws; (2) in excluding evidence of a prior similar accident and evidence of liability insurance; and (3) in failing to grant James' motions for directed verdict and judgment notwithstanding the verdict.

## FACTS

During the summer of 1984, the Winburns hired James, then eight years old, to work on the farm with his parents. In August 1984, James was injured while riding with several

workers, including his stepfather on a trailer being pulled by a tractor driven by Cecil Winburn, Jr. The trailer hit a big pothole on a dirt road causing James to be thrown up in the air. When he landed his foot got caught between the wheel and the bed of the trailer, severely injuring it.

## DISCUSSION

James contends the trial judge erred in refusing to allow the jury to consider violations of state and federal labor laws.

At trial and in his brief, James argues the Winburns violated the Fair Labor Standards Act and the trial judge thus erred in failing to submit this issue to the jury.

State and federal regulations prohibit the employment of minors under the age of sixteen with certain exceptions for those between the ages of twelve and sixteen. These exceptions relate to hazardous and nonhazardous jobs, farms exempt from minimum wage laws, farms owned by the family, and written permission from the child's parents. These regulations set ten as the minimum age for employment. *See* 29 CFR 575.1 *et seq.;* 26 S.C. Code Ann. Regs. 71-3100 through -3110 (1991).

The violation of a statute, while negligence *per se,* will not support a recovery for damages unless such violation proximately caused or contributed to the injury complained of. *Locklear v. Southeastern Stages, Inc.,* 193 S.C. 309, 8 S.E. (2d) 321 (1940). Negligence *per se* is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute. *Whitlaw v. Kroger Co.,* 306 S.C. 51, 410 S.E. (2d) 251 (1991).

After establishing negligence *per se,* a plaintiff must prove that the violation of the statute was causally linked, both in fact and proximately, to the injury. Proximate cause requires proof of (1) causation in fact and (2) legal cause. Causation in fact is proved by establishing the injury would not have occurred "but for" the defendant's negligence while legal cause is proved by establishing foreseeability. *Id.* The injury must be the natural and probable consequence of the violation of the statute before the violation can be said to be the proximate cause of the injury. *Gibson v. Gross,* 280 S.C. 194, 311 S.E. (2d) 736 (Ct. App. 1984).

It is not enough for a plaintiff to show that the defendant neglected a duty imposed by statute and that he would not have been injured if the duty had been performed. He must also show that his injury was caused by exposure to a hazard which the statute was designed to prohibit. *Bell v. Atlantic Coast Line R. Co.*, 202 S.C. 160, 24 S.E. (2d) 177 (1943).

As previously noted, James was eight years old at the time of the accident. He does not fit under any exemption under the state or federal law and, therefore, should not have been employed on the farm at all. If he had not been working on the farm, he would not have been exposed to the danger that caused his injury. Child labor laws were enacted to protect children from injury because of either their inexperience or immaturity. Therefore, the violation of the child labor law in this situation was the proximate cause of James' injury as a matter of law. Accordingly, we find that James was entitled to a directed verdict on the issue of negligence.

James also contends the trial judge erred in failing to submit the issue of recklessness, willfulness, and intentional conduct to the jury. Where the defendant's breach of an applicable safety statute or regulation has caused the injury, this breach will support a finding of recklessness and an award of punitive damages. *Reed v. Clark*, 277 S.C. 310, 286 S.E. (2d) 384 (1982); *Carraway v. Pee Dee Block*, 275 S.C. 511, 273 S.E. (2d) 340 (1980). Since the child labor laws were applicable under these facts, a jury could find reckless, willful and intentional conduct. The trial judge should, therefore, charge on these issues at the next trial.

In light of our ruling, we need not reach the additional issues that appellant has raised.

Reversed and remanded.