558 S.E.2d 271

**Nicholas N. TRIVELAS and Peggy Trivelas, Respondents,**

**v.**

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION and E.H. Sistrunk Trucking, Inc., Defendants,**

**of Whom, South Carolina Department of Transportation, is, Appellant.**

**No. 3421.**

Court of Appeals of South Carolina.

Heard Nov. 13, 2001.
Decided Dec. 17, 2001.

Andrew F. Lindemann, William H. Davidson, II, and James M. Davis, Jr., all of Davidson, Morrison & Lindemann, of Columbia, for appellant.

Richard A. Harpootlian and Robert G. Rikard, both of Richard A. Harpootlian, P.A.; and Leigh J. Leventis, all of Columbia, for respondents.

ANDERSON, Judge.

Nicholas Trivelas was injured in a motor vehicle accident involving a vehicle owned and operated by the South Carolina Department of Transportation ("DOT"). Trivelas and his wife, Peggy, filed this action against DOT, alleging damages resulting from the accident. The trial court granted partial summary judgment in favor of the plaintiffs. DOT appeals, asserting the trial court erred in finding DOT was negligent per se. We reverse and remand.

## FACTS/PROCEDURAL BACKGROUND

On the afternoon of November 19, 1997, DOT was contacted to assist in clearing lumber that had fallen from a truck traveling on the eastbound lanes of Interstate 20 near mile marker three in Aiken County. David Monborne, a maintenance equipment operator and truck driver for DOT, was transporting a back-hoe to the scene of the lumber spill. Monborne was traveling on the westbound lane of Interstate 20 and driving a DOT dump truck pulling a trailer containing the back-hoe. The truck did not have a flasher or any special lights. A van driven by Trivelas struck the right corner of the DOT trailer as Monborne was turning into the median to approach the lumber spill on the east side of the interstate.

In his deposition, Monborne stated he moved into the left lane of traffic as he approached the lumber spill. Monborne then turned on his left-hand signal to indicate he was going to turn into the median. Monborne stated he "started slowing down real gradually" and slowed to less than ten miles per hour before turning into the median.

Trooper William Lynn was assisting with the lumber spill that afternoon and observed the traffic accident involving Trivelas and the DOT truck. Lynn stated the DOT truck's

left turn signal was blinking as it turned into the median and that the truck was almost completely off the roadway when the van driven by Trivelas struck the right corner of the trailer. The trooper further stated that following the accident, he checked the DOT truck and all of the lights and blinkers on both the truck and trailer were working properly.

Trooper Lynn spoke with Trivelas immediately after the accident. During his deposition, Trooper Lynn described his conversation with Trivelas:

He told me that he was traveling west bound, that as he approached the area he noticed the truck and all of the patrol cars on the east bound side of the road way, and that his attention was directed over there for a short time, and when he looked back the truck in front of him, which was the DOT truck, had slowed down sharply and he wasn't able to avoid an impact. They say [Trivelas] tried to brake and still hit it. I didn't really question him in depth, but that is basically what he told me.

The trooper additionally testified:

I feel like his attention was distracted to the other side of the roadway. He was watching the wrong thing—you know, we call it rubber necking[,] which we see everyday.

I feel like he was—his attention was transfixed on what was going on in the east bound lane and it—by the time he realized something was going on in front of him, it was too late for him to do anything other than just lock his brakes up and run into the back of the trailer.

From my standpoint as a trooper, his attention should have been in front of him to the traffic that was going on in front of him.

Additionally, DOT deposed Kendrick Richardson, an engineer who conducts accident reconstruction analysis. Richardson opined the "accident occurred as a direct result of Mr. Trivelas not behaving in an attentive manner when driving."

The plaintiffs commenced this negligence action against DOT and E.H. Sistrunk Trucking, Inc., the owner of the truck transporting the lumber. The case was scheduled for trial on August 28, 2000. On August 22, 2000, the plaintiffs filed a motion for partial summary judgment against DOT, asserting

DOT was negligent as a matter of law. The motion for partial summary judgment was heard in chambers on August 24, 2000. On August 28, 2000, the trial court issued an order granting the plaintiffs' motion for partial summary judgment, finding that DOT's actions constituted negligence as a matter of law, or "negligence per se." The order also indicated that the trial court had considered the deposition transcripts of various witnesses and the deposition testimonies as presented in the arguments of counsel. This appeal follows.

### STANDARD OF REVIEW

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *Green v. Cottrell,* 346 S.C. 53, 550 S.E.2d 324 (Ct.App.2001), *cert. pending; Bruce v. Durney,* 341 S.C. 563, 534 S.E.2d 720 (Ct.App.2000); *see also Tupper v. Dorchester County,* 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997) ("Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.").

Under Rule 56(c), SCRCP, the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact. *Carolina Alliance for Fair Employment v. South Carolina Dep't of Labor, Licensing, and Regulation,* 337 S.C. 476, 523 S.E.2d 795 (Ct.App.1999). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing summary judgment. *Summer v. Carpenter,* 328 S.C. 36, 492 S.E.2d 55 (1997); *Pye v. Aycock,* 325 S.C. 426, 480 S.E.2d 455 (Ct.App.1997).

Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Brockbank v. Best Capital Corp.,* 341 S.C. 372, 534 S.E.2d 688 (2000); *Moriarty v. Garden Sanctuary Church of God,* 334 S.C. 150, 511 S.E.2d 699 (Ct.App. 1999), *aff'd,* 341 S.C. 320, 534 S.E.2d 672 (2000). "Because it

is a drastic remedy, summary judgment should be cautiously invoked so no person will be improperly deprived of a trial of the disputed factual issues." *Carolina Alliance for Fair Employment*, 337 S.C. at 485, 523 S.E.2d at 799.

■ An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP. *Bray v. Marathon Corp.*, 347 S.C. 189, 553 S.E.2d 477 (Ct.App.2001), *cert. pending; Brockbank*, 341 S.C. at 378, 534 S.E.2d at 692; *Wells v. City of Lynchburg*, 331 S.C. 296, 501 S.E.2d 746 (Ct.App.1998); *see also Estate of Cantrell*, 302 S.C. 557, 559, 397 S.E.2d 777, 778 (Ct.App.1990) ("On appeal from summary judgment, the reviewing court must consider the facts and inferences in the light most favorable to the nonmoving party. The judgment may be affirmed only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.") (citations omitted).

## *LAW/ ANALYSIS*

### I. Section 56–5–800

■ DOT contends S.C.Code Ann. § 56–5–800 shields it from liability for negligence as a matter of law for the incident arising out of the plaintiffs' cause of action. This statute provides that certain provisions of the Uniform Act Regulating Traffic on Highways "shall not apply to persons, motor vehicles and other equipment while actually engaged in work upon the highway but shall apply to such persons and vehicles when traveling to or from such work." S.C.Code Ann. § 56–5–800 (1991); *see also Howard v. South Carolina Dep't of Highways*, 343 S.C. 149, 154, 538 S.E.2d 291, 293 (Ct.App.2000) (stating § 56–5–800 "denies per se negligence to potential claimants[,] which forces them to prove negligence in the specific context of roadway repair operations").

We note there is no indication in the record DOT raised this argument to the Circuit Court. Furthermore, the trial judge did not address the issue in his summary judgment order. Additionally, DOT failed to raise this matter in any post-trial motion. Therefore, this issue is not preserved for appeal. *See I'On v. Town of Mount Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000) (stating parties should raise all necessary issues

and arguments to trial court and attempt to obtain a ruling); *Townsend v. City of Dillon,* 326 S.C. 244, 486 S.E.2d 95 (1997) (holding issues not ruled upon by the trial judge are not preserved for appellate review); *Noisette v. Ismail,* 304 S.C. 56, 403 S.E.2d 122 (1991) (ruling issue was not preserved for appellate review where the trial court did not explicitly rule on the appellant's argument and the appellant made no Rule 59(e) motion to alter or amend the judgment); *see also* Jean Hoefer Toal, *et al., Appellate Practice in South Carolina* 65 (1999) (reciting the well settled rule that an appellate court will only rule upon issues that were properly preserved at the trial level).

## II.  Negligence Per Se

The Circuit Court ruled the driver of the DOT vehicle violated §§ 56–5–1560 and 56–5–1920, thus constituting negligence as a matter of law.  DOT argues this ruling was in error.  We agree.

### A.  Existence of Statutory Duty:  Sections 56–5–1560 and 56–5–1920

■ Section 56–5–1560(a) states: "No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic *except when reduced speed is necessary for safe operation or in compliance with law.*" (emphasis added).

Section 56–5–1920  provides:

Whenever any highway has been divided into two or more roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway *unless directed or permitted to use another roadway by official traffic-control devices or police officers.*  No vehicle shall be driven over, across or within any such dividing space, barrier or section *except through an opening in such physical barrier or dividing section or space or at a crossover or intersection as established,* unless specifically prohibited by public authority.  For clarification, a left turn across a painted

median is authorized unless prohibited by an official traffic-control device.

(emphasis added).

DOT contends there was sufficient evidence to create material issues of fact as to whether: (1) the DOT truck was driving across an opening in the median in compliance with § 56-5-1920; and (2) it was necessary for the DOT vehicle to drive below the minimum speed limit. DOT also asserts that because its truck was responding to a lumber spill, which was creating a traffic hazard, there was a material issue of fact regarding whether DOT was permitted to cross the median by a police officer.

DOT presented evidence that its truck crossed an open area of grass in the median to respond to the Highway Patrol's request for assistance in clearing away the debris of the lumber spill. Monborne testified he slowed to approximately ten miles per hour to safely turn into the median. Viewing the evidence in the light most favorable to DOT, we find the trial court erred in concluding there was undisputed evidence that the driver of the DOT truck violated §§ 56-5-1560 and 56-5-1920. Furthermore, our case law has recognized that a violation of a traffic statute does not constitute negligence per se under explanatory or excusatory circumstances. *Davis v. Boyd,* 262 S.C. 679, 207 S.E.2d 101 (1974); *Myers v. Evans,* 225 S.C. 80, 81 S.E.2d 32 (1954).

## B. Proximate Cause

■ To prevail in an action for negligence, the plaintiff must prove the following three elements:

(1) a duty of care owed by defendant to plaintiff;

(2) defendant's breach of that duty by a negligent act or omission; and

(3) damages to plaintiff proximately resulting from the breach of duty.

*Bloom v. Ravoira,* 339 S.C. 417, 529 S.E.2d 710 (2000); *Jeffords v. Lesesne,* 343 S.C. 656, 541 S.E.2d 847 (Ct.App.2000); *Vinson v. Hartley,* 324 S.C. 389, 477 S.E.2d 715 (Ct.App.1996).

■ Plaintiffs assert DOT is liable for damages on the theory of negligence per se due to DOT's alleged violations of

§§ 56-5-1560 and 56-5-1920. Negligence per se is negligence arising from the defendant's violation of a statute. *See Coleman v. Shaw,* 281 S.C. 107, 314 S.E.2d 154 (Ct.App.1984); *see also* 28 Words & Phases *Negligence Per Se* 683 (1955) (citing *Boylston v. Armour & Co.,* 196 S.C. 1, 12 S.E.2d 34 (1940)).

In *Rayfield v. South Carolina Department of Corrections,* 297 S.C. 95, 374 S.E.2d 910 (Ct.App.1988), we enunciated the test for determining when a duty created by statute will support an action for negligence:

> In order to show that the defendant owes him a duty of care arising from a statute, the plaintiff must show two things: (1) that the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) that he is a member of the class of persons the statute is intended to protect.

> If the plaintiff makes this showing, he has proven the first element of a claim for negligence: viz., that the defendant owes him a duty of care. If he then shows that the defendant violated the statute, he has proven the second element of a negligence cause of action: viz., that the defendant, by act or omission, failed to exercise due care. This constitutes proof of negligence per se.

*Id.* at 103, 374 S.E.2d at 914-15.

A statute can establish a duty to plaintiff. *Whitlaw v. Kroger Co.,* 306 S.C. 51, 410 S.E.2d 251 (1991). A breach of the duty can be found with a showing of violation of the statute. *Id.* The finding of a statutory violation, however, does not automatically lead to the recovery of damages. *Seals v. Winburn,* 314 S.C. 416, 445 S.E.2d 94 (Ct.App.1994). The plaintiff must prove the violation proximately caused the injury complained of by the injured party. *Id.; see also Rayfield,* 297 S.C. at 104, 374 S.E.2d at 915 ("Negligence per se simply means the jury need not decide if the defendant acted as would a reasonable man in the circumstances. The statute fixes the standard of conduct required of the defendant, leaving the jury merely to decide whether the defendant breached the statute. If he did, his failure to take due care is established as a matter of law. The only issue then left for the jury to determine is the third element of negligence, viz., whether the defendant's conduct proximately caused damage

to the plaintiff."); 1 John E. Parker & Jack L. Nettles, *Automobile and Truck Accidents* 206, *in South Carolina Practice Manual* (Howard–Möise ed. 2000) ("While the violation of a statute is negligence per se, such violation is not actionable unless the specific violation is a proximate cause of the injury. . . .") (footnote omitted).

In *Oliver v. South Carolina Department of Highways and Public Transportation,* 309 S.C. 313, 422 S.E.2d 128 (1992), our Supreme Court recited the well established rules concerning proximate cause:

Proximate cause requires proof of both causation in fact, and legal cause. "Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence." *Whitlaw v. Kroger Co.,* 306 S.C. 51, 410 S.E.2d 251, 253 (1991) (quoting *Bramlette v. Charter–Medical–Columbia,* 302 S.C. 68, 74, 393 S.E.2d 914, 916 (1990)).

. . . .

"Legal cause is proved by establishing foreseeability." *Id.* "The standard by which foreseeability is determined is that of looking to the 'natural and probable consequences' of the complained of act." *Young v. Tide Craft, Inc.,* 270 S.C. 453, 462, 242 S.E.2d 671, 675 (1978).

. . . .

Furthermore, legal cause is ordinarily a question of fact for the jury. Only when the evidence is susceptible to only one inference does it become a matter of law for the court. *Matthews v. Porter,* 239 S.C. 620, 124 S.E.2d 321 (1962).

*Id.* at 316–17, 422 S.E.2d at 130–31.

This Court recently revisited the issue of proximate cause in *Parks v. Characters Night Club,* 345 S.C. 484, 548 S.E.2d 605 (Ct.App.2001):

This case hinges on whether Characters breached a duty owed to Parks and whether this breach was the proximate cause of Parks' injuries. It is apodictic that a plaintiff may only recover for injuries proximately caused by the defendant's negligence. *Olson v. Faculty House,* 344 S.C. 194, 544 S.E.2d 38 (Ct.App.2001) [*cert. granted* ].

To prove causation, a plaintiff must demonstrate both causation in fact and legal cause. *Id.* Causation in fact is

proved by establishing the plaintiff's injury would not have occurred "but for" the defendant's negligence. *Id.* Legal cause turns on the issue of foreseeability. *Id.* An injury is foreseeable if it is the natural and probable consequence of a breach of duty. *Id.* Foreseeability is not determined from hindsight, but rather from the defendant's perspective at the time of the alleged breach. *Id.* It is not necessary for a plaintiff to demonstrate the defendant should have foreseen the particular event which occurred but merely that the defendant should have foreseen his or her negligence would probably cause injury to someone. *Greenville Mem'l Auditorium v. Martin*, 301 S.C. 242, 391 S.E.2d 546 (1990). *Id.* at 491, 548 S.E.2d at 609; *see also McNair v. Rainsford*, 330 S.C. 332, 349, 499 S.E.2d 488, 497 (Ct.App.1998) ("In a negligence action, the plaintiff must prove proximate cause. Negligence is not actionable unless it is a proximate cause of the injury. Proof of proximate cause requires proof of both causation in fact and legal cause. Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence. Legal cause is proved by establishing foreseeability. A plaintiff therefore proves legal cause by establishing the injury in question occurred as a natural and probable consequence of the defendant's negligence.") (citations omitted); F. Patrick Hubbard & Robert L. Felix, *The South Carolina Law of Torts* 129 (2d ed. 1997) ("Determining whether a breach [of duty] was the cause-in-fact of an injury is primarily an empirical issue, which is often phrased in terms of a 'but for' test: Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence.") (footnotes and some internal quotation marks omitted).

As a general rule, the question of proximate cause is one of fact for the jury. *Ballou v. Sigma Nu Gen. Fraternity*, 291 S.C. 140, 352 S.E.2d 488 (Ct.App.1986); *see also Hadfield v. Gilchrist*, 343 S.C. 88, 99, 538 S.E.2d 268, 274 (Ct.App.2000) ("Proximate cause is a question for the finder of fact.") (citations omitted); *Vinson v. Hartley*, 324 S.C. 389, 402, 477 S.E.2d 715, 721 (Ct.App.1996) ("Ordinarily, the question of proximate cause is one of fact for the jury and the trial judge's sole function regarding the issue is to inquire whether particular conclusions are the only reasonable inferences that can be

drawn from the evidence.") (citations omitted); 8 Am.Jur.2d *Automobiles & Highway Traffic* § 1169 (1997) ("The question of proximate cause in motor vehicle accident cases is ordinarily for the jury, even where the evidence is undisputed, if different inferences may fairly be drawn therefrom. Where it is not plain that reasonable men could not reasonably find a causal relation between defendant's act and the injury, or a part of the injury, the court must leave it to the jury to find as a fact whether defendant's conduct was a substantial factor in producing the injury, or part of the injury....") (footnotes omitted); W. Page Keeton *et al., Prosser & Keeton on the Law of Torts* § 41, at 264–65 (5th ed. 1984) ("Although it is not without its complications, the simplest and most obvious problem connected with 'proximate cause' is that of causation in 'fact.' This question of 'fact' ordinarily is one upon which all the learning, literature and lore of the law is largely lost. It is a matter upon which lay opinion is quite as competent as that of the most experienced court. For that reason, in the ordinary case, it is peculiarly a question for the jury.") (footnote omitted).

"Only in rare or exceptional cases may the question of proximate cause be decided as a matter of law." *Ballou,* 291 S.C. at 147, 352 S.E.2d at 493 (citation omitted); *see also Small v. Pioneer Mach., Inc.,* 329 S.C. 448, 464, 494 S.E.2d 835, 843 (Ct.App.1997) ("The particular facts and circumstances of each case determine whether the question of proximate cause should be decided by the court or by the jury. Only when the evidence is susceptible to only one inference does it become a matter of law for the court.") (citations omitted); Leon Green, *Rationale of Proximate Cause* 132 (1927) ("Causal relation is one of fact. It is always for the jury, except when the facts are such that they will support only one reasonable inference.") (footnote and emphasis in original omitted).

### III. Comparative Negligence

The Circuit Court held there was no evidence of comparative negligence by Trivelas. We disagree.

In *Nelson v. Concrete Supply Company,* 303 S.C. 243, 399 S.E.2d 783 (1991), our Supreme Court adopted the doc-

trine of comparative negligence. Under the doctrine of comparative negligence, negligence by the plaintiff does not automatically bar recovery by the plaintiff, provided his negligence is not greater than that of the defendant. *Ott v. Pittman*, 320 S.C. 72, 463 S.E.2d 101 (Ct.App.1995). The Court of Appeals discussed the doctrine's effect on our trial courts in *Brown v. Smalls*, 325 S.C. 547, 481 S.E.2d 444 (Ct.App.1997):

> The doctrine of comparative negligence replaces the harsh rule of contributory negligence. In the application of the doctrine of comparative negligence by a trial jury to a factual scenario, the litigants receive a careful, exhaustive factual review of their own conduct. In adopting the court-made rule of comparative negligence in *Nelson,* our Supreme Court in essence followed what is known as the "New Hampshire rule."

*Id.* at 559, 481 S.E.2d at 450–51 (citations omitted).

The *Brown* Court explained the jury's role in a comparative negligence case:

> ***Ordinarily, the negligence of a party is a question of fact for the jury.***
>
> . . . .
>
> As a general rule, under a "less than or equal to" comparative negligence rule, determination of respective degrees of negligence attributable to the plaintiff and the defendant presents a question of fact for the jury, at least where conflicting inferences may be drawn. ***Accordingly, apportionment of negligence, which determines both whether a plaintiff is barred from recovery or can recover some of his damages and the proportion of damages to which he is entitled, is usually a function of the jury.***

*Id.* at 558–59, 481 S.E.2d at 450–51 (emphasis added) (citations omitted); *see also Lydia v. Horton,* 343 S.C. 376, 395, 540 S.E.2d 102, 112–13 (Ct.App.2000), *cert. granted* ("Comparison of a plaintiff's negligence with that of the defendant is a question of fact for the jury to decide.") (quoting *Creech v. South Carolina Wildlife & Marine Resources Dep't,* 328 S.C. 24, 32, 491 S.E.2d 571, 575 (1997)).

In the present action, DOT provided deposition testimony from an accident reconstruction expert, as well as the state trooper who witnessed the accident. Each opined that

Trivelas' inattentiveness and failure to properly reduce his speed was the proximate cause of the collision between the DOT truck and Trivelas' van. Additionally, Trooper Lynn stated in deposition that following the accident, Trivelas told him he was distracted and was not observing the traffic directly in front of him when the accident occurred. Viewing the evidence in the light most favorable to DOT, we find there are genuine issues as to material facts in regard to *"proximate cause"* and *"comparative negligence"* precluding the grant of summary judgment. Concomitantly, we rule the trial court erred in granting partial summary judgment in favor of the plaintiffs.

### IV. Notice/Summary Judgment

Additionally, DOT argues the trial court erred in hearing the plaintiffs' motion for partial summary judgment less than ten days after the motion was served. In view of our resolution of DOT's other grounds for appeal, we need not address this remaining issue.

### CONCLUSION

The grant of summary judgment in favor of the plaintiffs is **REVERSED and the case is REMANDED for trial.**

SHULER, J., concurs.

HOWARD, J., concurs in result only in a separate opinion.

HOWARD, J., (concurring in result only):

Although I agree with the factual analysis, I would dispose of this appeal on a different basis. In my opinion, the procedural irregularities require reversal and would allow for a reconsideration of the original summary judgment motion filed by Trivelas, which was limited to whether or not the South Carolina Department of Transportation was negligent as a matter of law.

The motion was filed less than ten days before trial and was heard by the circuit judge in chambers on the eve of trial as a part of the pre-trial conference. Rule 56(c), SCRCP, requires a ten day notice to the opposing party, which allows time to

prepare and file a proper response to the motion. Because the motion was heard in chambers without a court reporter, the nature of any procedural objection raised to the trial court is not available to us. SCDOT argues that it objected to hearing the motion, but Trivelas disputes this. The final written order does not address the timing of the motion, and no subsequent motion was made pursuant to Rule 59, SCRCP, asking the court to rule on any objection. Consequently, the record does not reflect that the trial judge ruled on the issue, and it is not preserved for our review. *See Summersell v. S.C. Dep't of Pub. Safety*, 337 S.C. 19, 522 S.E.2d 144 (1999).

The order granting summary judgment recites that the trial judge considered not only deposition excerpts filed with the brief supporting the motion, but also "deposition testimonies as presented in the arguments of counsel." As the attorneys stated in oral argument, they were apparently allowed to summarize the factual information contained within depositions which had not been filed with the court at the time the motion was considered. Not surprisingly, the parties now disagree as to what was and was not presented to the judge in the unrecorded hearing.

Following the hearing, SCDOT filed excerpts from the deposition of Trooper Lynn which contained statements by Mr. Trivelas implying he was inattentive prior to the impact. This is the testimony which the majority cites in its factual analysis. This testimony is contained in lines 14 though 23 of page 17 in Lynn's deposition. Unfortunately, the order of summary judgment does not refer to these lines, although it does cite other lines contained on the same page of the deposition.

Trivelas contends he submitted the specific lines mentioned in the final order prior to the hearing, but not the entire page. SCDOT does not dispute this, but argues that the critical testimony was summarized during the arguments, and the entire page was then mailed to the clerk of court for inclusion in the record. Page 17 of Trooper Lynn's deposition appears in our record on appeal, but Trivelas objects to its inclusion and has moved to strike it.

Trivelas asks us not to consider Trooper Lynn's testimony as to Trivelas's inattention prior to the collision because it was

not filed at or prior to the hearing. However, this argument works both ways, and if applied, undermines the trial court's decision because the trial judge based his ruling in part upon Trivelas' deposition testimony, which also was not filed with the court. According to the order, Trivelas testified in his deposition that another vehicle was in front of him and swerved into the adjoining lane at the last moment, leaving Trivelas with no time to react to the SCDOT truck and trailer. However, no part of Trivelas' deposition is contained in the record or was filed with the court at the time of the hearing.

There is no valid basis upon which we can rule, other than to believe one attorney's memory over that of another. The result of the procedural irregularities recited above underscores the importance of clearly marking, filing and establishing an accurate record of the information provided to the trial court for consideration in a motion for summary judgment. Arguments of counsel are not evidence, and absent stipulation, they do not provide a factual basis for summary judgment. *See* Rule 56(c), SCRCP ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). Furthermore, we cannot base a factual review upon them. *Cobb v. Benjamin,* 325 S.C. 573, 581 n. 2, 482 S.E.2d 589, 593 n. 2 (Ct.App.1997) ("[W]here there is no stipulation, a representation of fact by counsel in written briefs, memoranda or made during oral argument, may not be considered by the court where it is unsupported by the record."). I would rule that it is an error of law to base a decision on "deposition testimonies as presented in the arguments of counsel," as was done in this case, unless copies of the deposition testimony are properly filed in the record or the parties have stipulated to the facts. *See Id.;* Rule 56(c), SCRCP.[1]

---

1. Although Rule 56(f) provides that the court "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just," the court ruled at the hearing, and did not defer the decision pending the filing of depositions or other supplemental information. The written order was not prepared and filed until after the deposition excerpts were filed

For the foregoing reasons, I would reverse and remand for further proceedings, but would allow reconsideration of the motion made by Trivelas, following proper notice and opportunity to file affidavits and deposition testimony as allowed by the rule.

---

with the clerk, but the trial judge did not continue the hearing until they were received. Indeed, there is no indication he was ever aware they were filed or had an opportunity to consider them.