THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Eartha Mae Williams, as Personal Representative of 
 the Estate of Gregory Stanley Williams, Respondent/Appellant,
 v.
 CSX Transportation, Inc., and Ronald Paul Bowen, Defendants,
 of which CSX Transportation, Inc. is Appellant/Respondent.
 
 
 

Appeal From Orangeburg County
 Diane Schafer Goodstein, Circuit Court Judge

Memorandum Opinion No.   2007-MO-001
Heard May 4, 2006  Filed January 2, 2007

REVERSED AND REMANDED

 
 
 
 Michael P. Horger, of Horger & Horger & Justice, of Orangeburg; Phillip E. Reeves and Ronald K. Wray, both of Gallivan, White & Boyd, PA, of Greenville; and J. Tracy Walker, IV and E. Duncan Getchell, Jr., both of McGuire Woods, of Richmond, Virginia for Appellant/Respondent.
 C. Bradley Hutto, of Williams & Williams, of Orangeburg; John E. Parker and John Paul Detrick, both of Peters, Murdaugh, Parker, Elzroth & Detrick, PA, of Hampton; and Stacey Tarte Meyer, of Columbia, for Respondent/Appellant.
 
 
 

JUSTICE WALLER:  This is a direct appeal from a jury verdict in a railroad-crossing case.  Respondent/Appellant Eartha Mae Williams (Plaintiff), as the personal representative of the Estate of Gregory Stanley Williams (Williams),[1] filed a wrongful death lawsuit against Appellant/Respondent CSX Transportation, Inc. (CSX).[2]  The jury found in Plaintiffs favor awarding $4.5 million in compensatory damages and $7.5 million in punitive damages.  The trial court reduced the punitive damages award to $4.5 million.  CSX raises a number of issues on appeal, including inter alia, venue, bifurcation, jury charges, and punitive damages.  In her cross-appeal, Plaintiff argues that the trial judge erred in reducing punitive damages.  We affirm the jurys finding of liability but reverse the punitive damages award and remand for a new trial on punitive damages only.  
FACTS
On the morning of January 3, 2001, Williams was driving his pick-up truck to work while CSX employee, Ronald Paul Bowen (Bowen), was operating one of CSXs ballast regulators.[3]  Williams was driving westward when he approached a railroad crossing in the Town of Swansea; at the same time, Bowen was driving the ballast regulator northward.  Thus, the ballast regulator approached the crossing from Williams left, and Williams truck approached from Bowens right.  The crossing was marked with a yellow railroad-crossing sign, a railroad cross on the road, and cross-bucks.  A stop sign and a stop line were in front of the tracks.  The two vehicles collided at the crossing, and Williams was killed in the crash.  
At trial, Plaintiff put forth several negligence theories.  First, Plaintiff asserted CSX was negligent for failing to adequately maintain the vegetation along the tracks at the crossing and, as a result, the blocked line of sight did not allow Williams to see the ballast regulator as it approached.  Plaintiff also asserted that CSX was vicariously liable for Bowens negligent operation of the ballast regulator.  According to Plaintiff, Bowen was driving the regulator at an unreasonable, reckless speed, and he failed to sound the regulators horn to warn that the regulator was approaching the crossing.  Additionally, Plaintiff asserted that CSX was directly negligent in permitting Bowen to operate the ballast regulator without first providing him proper training and that the lack of such training caused Bowens careless operation of the regulator.
CSX denied each allegation and maintained that Williams was negligent in failing to yield the right of way to Bowen and for pulling out in front of the ballast regulator.
 The jury found CSX negligent and awarded Plaintiff $4.5 million in compensatory damages plus $7.5 million in punitive damages.  After a post-trial hearing, the trial judge reduced the punitive-damages award to $4.5 million.    
ISSUES

 1.  Did the trial court err in charging the jury on the doctrine of negligence per se?
 2.  Did the trial court erroneously charge the jury on the burden of proof regarding punitive damages?

DISCUSSION
1. Negligence Per Se
CSX argues several issues on direct appeal including that the trial court erred by charging the jury on negligence per se.  We find that although the negligence per se charge should not have been given, CSX cannot establish prejudice.
At trial, Plaintiff sought to prove that CSX failed to adequately train Bowen to operate the ballast regulator and Bowens insufficient training resulted in his negligent operation of the ballast regulator.  Specifically, Plaintiff argued that if the jury found that CSX had failed to comply with a federal regulation[4] requiring railroad companies to adequately train employees who operate maintenance machines, such as ballast regulators, CSXs negligence would be presumed under the doctrine of negligence per se.  The trial court agreed and charged the jury as follows:

 Ladies and gentlemen, I want to talk to you about the area of law thats called negligence per se.  Negligence per se.  Now, the violation of a statute or the violation of a regulation that has the force  and effect of a statute is negligence per se.  That is, violation of a statute or regulation with the force and effect is negligence in and of itself.
 Negligence per se is established by showing that the statute  a statute created a duty and that the duty was breached by violating the statute.  To show that a duty of care is owed from a statute two things would be shown, must be shown.  One, that the essential purpose of the statute is to protect from the kind of harm suffered; and secondly, that the person claiming the violation of the statute is a member of the class of persons that the statute is intended to protect.[5]
 ...
 Now, ladies and gentlemen, I further charge you  Section 214.355  reads as follows:  The training and qualification of roadway workers who operate roadway maintenance machines shall include, as a minimum, procedures to prevent a person from being struck by the machine when the machine is in motion or operation, procedures to provide for stopping the machine short of other machines or obstructions on the track, methods to determine safe operating procedures for each machine that the operator is expected to operate.  Initial and periodic qualification of a roadway worker to operate roadway maintenance machines shall be evidenced by a demonstrated proficiency.[6]

We find that this charge was erroneously given because section 214.355 was intended to protect railroad employees, not public motorists.  See 49 C.F.R. § 214.1(a) (2005) (The purpose of this part is to prevent accidents and casualties to employees involved in certain railroad inspection, maintenance and construction activities.) (emphasis added); id. § 214.301(a) (The purpose of this subpart is to prevent accidents and casualties caused by moving railroad cars, locomotives or roadway maintenance machines striking roadway workers or roadway maintenance machines.) (emphasis added).  Because it is clear Williams was not a member of the class of persons intended to be protected by section 214.355, the trial courts negligence per se charge was error.  See Whitlaw, 306 S.C. at 53, 410 S.E.2d at 252.
Nonetheless, the giving of an erroneous instruction is not reversible error, unless the appellant can show that he was injured and prejudiced thereby.  Ellison v. Simmons, 238 S.C. 364, 372, 120 S.E.2d 209, 213 (1961).  We find CSX has not made a sufficient showing of prejudice.
While the violation of a regulation may constitute negligence per se, this only establishes the duty and breach elements of a negligence claim.  In addition to duty and breach, a plaintiff also must show that the violation of the regulation was causally linked, both in fact and proximately, to the injury.  Seals v. Winburn, 314 S.C. 416, 418, 445 S.E.2d 94, 96 (Ct. App. 1994); see also Whitlaw, 306 S.C. at 54, 410 S.E.2d at 25 (Violation of the statute  is not conclusive of liability); Trivelas v. S.C. Dept of Transp., 348 S.C. 125, 134, 558 S.E.2d 271, 275 (Ct. App. 2001) (the finding of a statutory violation does not automatically lead to the recovery of damages).  Given the several other, more thoroughly developed theories of liability in this case, we do not believe that the negligence per se charge on 49 C.F.R. § 214.355 materially prejudiced CSX.
Accordingly, we hold that under the circumstances of this case, the trial courts negligence per se charge does not constitute reversible error.
2.  Punitive Damages Charge
CSX also argues that the trial court erred in charging the jury on Plaintiffs burden of proving punitive damages.  We agree.  
The trial court charged the jury on punitive damages as follows in pertinent part:

 Therefore, while the quality of the evidence in order for the plaintiff to recover punitive damages from the defendant must be clear and convincing, the proof may be met by a preponderance of the evidence.  Let me explain that for you, if I may.
 What do we mean by clear and convincing evidence?  Clear and convincing evidence is evidence that is clear, specific, definite, and convincing in nature.  Imagine if you reach the issue of punitive damages, imagine the scales again.  You wouldnt put the evidence on the scale unless the evidence was clear, specific, definite and convincing in nature, you wouldnt put it, you wouldnt consider it, you wouldnt put it on the scales unless it was clear and convincing, but still the burden of proof regarding punitive damages is still by a preponderance of the evidence.

(Emphasis added.)
When instructing the jury, the trial court is required to charge only the current and correct law of South Carolina.  E.g., McCourt v. Abernathy, 318 S.C. 301, 457 S.E.2d 603 (1995).  In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence.  S.C. Code Ann. § 15-33-135 (2005).  Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief as to the allegations sought to be established.  Anonymous v. State Bd. of Med. Examrs, 329 S.C. 371, 374 n.2, 496 S.E.2d 17, 18 n.2 (1996) (citations and internal quotations omitted).  It is an intermediate standard, more than a mere preponderance but less than is required for proof beyond a reasonable doubt.  Id. 
The trial courts jury instructions in this case misstated the standard of proof for clear and convincing evidence.  First, the charge did not reasonably convey that clear and convincing was a higher degree of proof than a preponderance of the evidence, which the trial court had previously explained was the standard for proving CSXs negligence.  Second, the trial courts charge left the jury with the impression that the standard or proof remained a preponderance of the evidence and that only those pieces of evidence determined by the jury to be convincing were to be considered in arriving at their verdict.  The above-emphasized portions of the charge indicate that the trial court apparently confused the two burdens of proof, and therefore, the charge on the burden of proof was erroneous and requires a new hearing on punitive damages.  See Dunsil v. E. M. Jones Chevrolet Co., 268 S.C. 291, 295, 233 S.E.2d 101, 103 (1977) (where the trial judge jumbled propositions of law and the instructions by the court resulted in the jury being charged irrelevant and inapplicable principles of law, the jury charge was held to be reversible error). 
CSXs remaining issues on appeal are affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Issue I:  Turner v. Santee Cement Carriers, Inc., 277 S.C. 91, 94, 282 S.E.2d 858, 859 (1981) (A motion for change of venue is addressed to the sound discretion of the trial judge, whose ruling will not be disturbed unless it appears that manifest legal error was committed.) (citations omitted); Issue II: Rule 42(b), SCRCP (the trial court has the discretion to bifurcate a trial); Cock-N-Bull Steak House, Inc. v. Generali Ins. Co., 321 S.C. 1, 9, 466 S.E.2d 727, 731 (1996) (the denial of a discretionary motion will not be reversed on appeal absent a showing of abuse of discretion); Issue III: Jinks v. Richland County, 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003) (in ruling on a motion for JNOV, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motion and to deny the motion where the evidence yields more than one inference); Issue IV: Simmons v. Atlantic Coast Line R.R. Co., 250 S.C. 199, 203, 157 S.E.2d 172, 175 (1967) (unless there is proof to the contrary, it is presumed that a person observed the law and conducted himself as a person of ordinary prudence, reason and care); Issue V: Gamble v. Stevenson, 305 S.C. 104, 107, 406 S.E.2d 350, 352 (1991) (the determination as to whether special verdict forms should be submitted to the jury is within the sound discretion of the trial judge); Lever v. Wilder Mobile Homes, Inc., 283 S.C. 452, 454, 322 S.E.2d 692, 694 (the trial courts refusal to give requested instructions is not prejudicial error where the instructions actually given afford the proper test for determining the issues); and Issue VI: Pelican Bldg. Ctrs. of Horry-Georgetown, Inc. v. Dutton, 311 S.C. 56, 427 S.E.2d 673 (1993) (the jurys determination of damages is entitled to substantial deference); Elam v. S.C. Dept of Transp., 361 S.C. 9, 27, 602 S.E.2d 772, 781 (2004) (the decision to grant or deny a new trial absolute based on the excessiveness of a verdict rests in the sound discretion of the trial court and will not ordinarily be disturbed on appeal).
CONCLUSION
In sum, we affirm the jurys determinations regarding CSXs liability and the compensatory damages award.  However, because of the erroneous jury charge on the burden of proof for punitive damages, we reverse the award of punitive damages and remand for a new trial on punitive damages.[7]
REVERSED AND REMANDED.
TOAL, C.J., MOORE, J, and Acting Justice L.  Casey Manning, concur.  PLEICONES, J., dissenting in a separate opinion.
JUSTICE PLEICONES:  I agree with the majority that the punitive damages award must be reversed, but would hold that the erroneous charge on negligence per se requires that we reverse the jury verdict in its entirety and order a new trial.
The majority holds that the charge, while erroneous, did not materially prejudice CSX because the jury verdict was supported by several other, more thoroughly developed theories of liability . . . .  In effect though not in name, the majority is invoking the two issue rule.  This rule provides that where a jury returns a general verdict involving two or more issues and its verdict is supported as to at least one issue, the verdict will not be reversed.  Anderson v. West, 270 S.C. 184, 188, 241 S.E.2d 551, 553 (1978); accord Bryant v. Waste Mgmt., Inc., 342 S.C. 159, 167-68, 536 S.E.2d 380, 384-5 (Ct. App. 2000) (applying the rule in a case involving six theories of negligence). The rule does not and should not operate against a party, such as CSX, which requested the jury be given a special verdict form rather than a general form.[8]  See Harry L. Hussmann Refrigerator & Supply Co. v. Cash & Carry Grocer, Inc., 134 S.C. 191, 132 S.E. 173 (1926).  The reason for this exception to the two issue rule is obvious:  had the partys request been granted, we would be able to discern whether the erroneous charge was relied upon by the jury, and thus the question of prejudice would be clear.  Under these circumstances, where the affected party has made every effort to protect its right to a fair trial, precedent and justice require we reverse the tainted verdict and grant a new trial.  
I respectfully dissent and would grant CSX a new trial.

[1] Williams was not married and had no child or other dependent.  His sole beneficiary was Plaintiff, his seventy-six-year-old mother.
[2] Plaintiff also named a CSX employee, Ronald Paul Bowen, as a defendant; however, Bowen was voluntarily dismissed without prejudice prior to trial.  
[3] A ballast regulator is a very large piece of equipment that travels on the rails like a train and is used to maintain the tracks.  It resembles a large bulldozer.
[4] 49 C.F.R. § 214.355 (2005).
[5] This was a correct statement of the law of negligence per se.  See Norton v. Opening Break of Aiken, Inc., 319 S.C. 469, 469-70, 462 S.E.2d 861, 861-62 (1995) (providing that violation of a regulation that has the force of law, just like violation of a statute, can constitute negligence per se); Whitlaw v. Kroger Co., 306 S.C. 51, 53, 410 S.E.2d 251, 252 (1992) (providing the two-pronged test for determining whether a statute imposes on a defendant a duty to the plaintiff, and providing that breach of the statute establishes negligence per se, leaving only causation and damages to be determined).
[6] This was a word-for-word reading of the regulation.  See 49 C.F.R. § 214.355 (2005).
[7] We note that because there will be a new punitive damages hearing, it is unnecessary to reach Plaintiffs cross-appeal issue of whether the trial court erred in reducing the punitive damages award.
[8] I note the majority affirmed the judges decision to deny CSXs request.